George H. Sears, Appellant, *v.* Grand Lodge of the Ancient Order of United Workmen of the State of New York, Respondent.

Action on Certificate in Benefit Society — Compromise Agreement — Mistake as to Death of Insured. A contract by which the beneficiary in a mutual benefit certificate upon the life of a person who has not been heard from in nine years and is supposed by both parties to be dead agrees with the company to settle and discontinue an action on the certificate and accept an absolute payment of a portion of the certificate "in cash, promptly," which "is not to be returned in any event," and that the balance shall be placed in the hands of a trustee to be held for a certain period and returned to the company if it produces reasonable proof within that time that the insured is living, but otherwise to be paid to the beneficiary, entitles the latter to recover the amount of the agreed cash payment, although before it is paid the insured is proved to be living; the contract is not unenforceable as to such payment on the ground that there was a mutual mistake as to the material fact of the supposed death of the insured, since the only thing which the settlement dealt with was the possibility that he should prove to be living; and the discontinuance of the action on the certificate, the extension of the time for payment of a part of the claim, and the compromise of a doubtful claim, constitute a sufficient consideration for the contract.

*Sears* v. *Grand Lodge of A. O. U. W.*, 24 App. Div. 410, reversed.

(Argued May 11, 1900; decided June 12, 1900.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 30, 1897, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term, and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George H. Sears*, appellant, in person. There is no foundation in law or in fact in the respondent's contention that the agreement sought to be enforced in this action was entered into between the parties under a mutual mistake of fact so as to preclude recovery herein on the part of the appellant. (2 Pom. Eq. Juris. [2d ed.] §§ 849, 855; Kerr on Fraud & Mistake, 432; *Trigg* v. *Levalle*, 15 Moore's P. C. 270;

*Mowatt* v. *Wright,* 1 Wend. 356; *Morey* v. *Town of New-fane,* 8 Barb. 645; *White* v. *Hoyt,* 73 N. Y. 505; *Wehrum* v. *Kuhn,* 61 N. Y. 623; *Stewart* v. *Ahrenfeldt,* 4 Den. 189; *Crans* v. *Hunter,* 28 N. Y. 389; *Barnes* v. *Ryan,* 66 Hun, 170; *Feeter* v. *Weber,* 78 N. Y. 334; *Dunham* v. *Griswold,* 100 N. Y. 224.)

*D. R. Cobb* for respondent.    The agreement upon which plaintiff seeks to recover was made while both parties thereto were laboring under a material mistake of fact, and is, therefore, unenforceable.    (15 Am. & Eng. Ency. of Law, 645; Pom. Eq. Juris. §§ 839, 849; *Hurd* v. *Hall,* 12 Wis. 122; *H. F. Ins. Co.* v. *Wood,* 69 N. W. Rep. 941; Snell's Prin. of Eq. [10th ed.] 536; *M. E. Ry. Co.* v. *Johnston,* 84 Hun, 87; *Kingston Bank* v. *Eltinge,* 40 N. Y. 391; *Gombossy* v. *Katz,* 41 N. Y. Supp. 411; *Markowitz* v. *Messner,* 41 N. Y. Supp. 512; Kerr on Fraud & Mistake, 433, 434; Beach Eq. Juris. 62; *M. L. Assn.* v. *Crandall,* 9 App. Div. 401; *Rheel* v. *Hicks,* 25 N. Y. 289; *Wheadon* v. *Olds,* 20 Wend. 174.) The agreement was without consideration and void.    (*N. Y. & H. R. R. Co.* v. *Haws,* 56 N. Y. 175; *Bunge* v. *Koop,* 48 N. Y. 225; *Ryan* v. *Ward,* 48 N. Y. 204; *Hamel* v. *Grimm,* 10 Abb. Pr. 150; *Lansing* v. *Eddy,* 1 Johns. Ch. 49; *Clute* v. *Potter,* 37 Barb. 199; Pom. Eq. Juris. § 1360.) The fund of $2,000 is still in the hands of the defendant who is equitably entitled to the same.    A court of equity will not compel defendant to pay Mary A. Baumgrass or her assignee any portion of such fund in an action predicated upon the fact that Charles R. Baumgrass, the insured, is still alive. (*Hayes* v. *McKee,* 43 N. Y. Supp. 1126; Keener on Quasi Contracts, 91; 1 Selwyn's N. P. [13th ed.] 99.)

BARTLETT, J.    On the 31st of July, 1886, one Charles R. Baumgrass, residing in the city of Syracuse, became a member of a subordinate lodge of defendant and received a certificate of membership, which provided in the event of his death the

defendant would pay to his wife, Mary A. Baumgrass, the sum of $2,000.00.

On September 28th, 1886, Baumgrass disappeared and was not seen or heard from thereafter until April 15th, 1896, a period of nearly ten years. In the meantime important transactions and negotiations had taken place affecting the rights of the parties.

Mrs. Baumgrass, the beneficiary, was advised to rest upon her rights until seven years had elapsed, when she might proceed under the legal presumption that her husband was dead. She waited about nine years and then brought an action against defendant on the 23d of September, 1895, to recover $2,000.00 under the certificate of insurance.

On the 26th day of March, 1896, and before the action was tried, she entered into an agreement of compromise with the defendant, under which her suit against it was discontinued without costs.

The agreement recited the facts and provided for the settlement and discontinuance of the action; that the defendant should pay to the beneficiary " the sum of $666.00 in cash promptly;" that said $666.00 "is not to be returned in any event;" that $1,334.00 should be placed by defendant in the hands of a trustee to be held by him until July 1st, 1897, subject to the condition that if before that time the defendant should produce reasonable proof that the insured was alive, the money so deposited was to be returned to it, but failing in such proof, it was to be paid to the beneficiary and, in the language of the agreement " she shall take full title to the same."

Twenty days after the execution of this agreement, and before the defendant had made the absolute payment of $666.00 as agreed, the insured was proved to be alive. Thereupon the beneficiary demanded payment of the $666.00, which was refused, and she assigned her claim under the agreement of compromise to the plaintiff.

The facts are undisputed; the Special Term rendered judgment for plaintiff, which was reversed by the Appellate Division with a divided court.

The defendant rests its defense on the legal proposition

that the agreement on which plaintiff seeks to recover was made while both parties thereto were laboring under a material mistake of fact, to wit, the supposed death of the insured, and is, therefore, unenforceable.

The counsel for the defendant has cited us to many authorities to the general effect that where parties to a contract have entered into it under the impression that a certain state of facts existed, which proved to be error, equity will afford relief.

This is a sound proposition of law, but it has no application to the facts in this case.

The material facts may be briefly stated. The insured disappeared absolutely, leaving his wife as beneficiary under his certificate of insurance issued by the defendant; she waited nine years and then sued to recover the total insurance of $2,000.00. In this situation the defendant seeks a compromise. It is not unreasonable to assume that the defendant regarded the chances of success in the litigation as decidedly in favor of the plaintiff; the legal presumption arising at the end of seven years that the insured was dead had existed for two years. What then was there to compromise in the action then pending? Clearly but one thing was dealt with or could be in the agreement of settlement, to wit, the possibility that the insured should prove to be alive.

That this was the basis of compromise upon which the agreement rested is perfectly apparent on the face of the instrument. The defendant said to the beneficiary, give us sixteen months more time to prove the insured is alive and discontinue your suit at once. If you do this we will make you a cash payment of $666.00, which is not to be paid back in any event, and, at the expiration of the sixteen months, if we fail to prove the insured is alive, we will pay you $1,334.00, which is to be held for both of us by a trustee meanwhile, and, if we do prove it, the money is to be returned to us.

It is urged that there is no consideration for this agreement.

The discontinuance of the action, the extension of time in which defendant was to pay the insurance, and the compromise of a doubtful claim, were a sufficient consideration.

48

It is also urged that the trial judge found that when the agreement was entered into, both parties believed the insured was dead.    It was also found that notwithstanding such belief the contract recognized, contemplated and provided for the possibility of the insured being alive.

It is to be kept in mind that the present action is limited to the cash payment that was to have been made under the agreement, and in regard to which the defendant was in default at the time it was discovered that the insured was alive. This payment should have been made when the contract was signed, and it was then distinctly agreed that it should not be paid back "in any event," which meant it should not be repaid even if it were subsequently proved that the insured was alive.

In view of all the circumstances, it cannot be said that the parties entered into the agreement laboring under a mutual mistake of fact.

Mr. Pomeroy in his work on Equity Jurisprudence (§ 855, 2d edition) states the correct rule governing this case. " Where parties have entered into a contract or arrangement based upon uncertain or contingent events purposely as a compromise of a doubtful claim arising from them, and where parties have knowingly entered into a speculative contract or transaction, one in which they intentionally speculated as to the result, and there is in either case an absence of bad faith, violation of confidence, misrepresentation, concealment and other inequitable conduct mentioned in a former paragraph, if the facts upon which such agreement or transaction was founded or the event of the agreement itself turned out very differently from what was expected or anticipated, this error, miscalculation or disappointment, although relating to a matter of fact and not of law, is not such a mistake within the meaning of the equitable doctrine as entitles the disappointed party to any relief either by way of canceling the contract and rescinding the transaction, or of defense to a suit brought for its enforcement.    In such classes of agreements and transactions the parties are supposed to calculate the chances and they certainly assume the risks."

Again, in section 849, Mr. Pomeroy, after dealing with relief where a party is mistaken as to his legal rights, interests or relations, closes with these words: " It should be carefully observed that this rule has no application to compromises, where doubts have arisen as to the rights of the parties, and they have intentionally entered into an arrangement for the purpose of compromising and settling those doubts. Such compromises, whether involving mistakes of law or fact, are governed by special considerations."

A number of instructive authorities are cited by the learned author under both of these sections.

It may be observed in this connection that the trial court found that there was no fraud on the part of the beneficiary, and, substantially, that she had acted throughout in good faith.

The agreement was in furtherance of a lawful compromise, and enforceable without regard to the validity of the beneficiary's claim under the original certificate of insurance.

Compromises of disputed claims fairly entered into are final, and will be sustained by the courts without regard to the validity of the claims. ( *Wehrum* v. *Kuhn,* 61 N. Y. 623 ; *White* v. *Hoyt,* 73 N. Y. 505 ; *Dunham* v. *Griswold,* 100 N. Y. 224 ; *Crans* v. *Hunter,* 28 N. Y. 389 ; *Mowatt* v. *Wright,* 1 Wend. 355.)

The defendant, in executing the agreement of compromise, assumed the risk and calculated the chances of being placed in the present situation, and there would seem to be no reason in law or public policy why plaintiff should not recover.

It would be a harsh rule, indeed, that would preclude insurer and beneficiary nine years after the insured had disappeared from entering into an enforceable agreement of compromise under the state of facts here disclosed.

The judgment of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs to the plaintiff in all the courts.

PARKER, Ch. J., MARTIN, VANN, CULLEN and WERNER, JJ., concur; GRAY, J., dissents.

Judgment reversed, etc.