In the Matter of the Estate of ELIZABETH KILGANNON, Deceased.

Surrogate's Court, New York County, January 20, 1933.

*Thomas Costigan*, for the executor.

*Thomas & Friedman* [*Jerome I. Hyman* of counsel], for Elizabeth K. Buckley and Mary Buckley, beneficiaries.

*Cecilia A. Doran*, for Anna E. Cunningham.

*M. J. Sneudaira*, for Mary L. Teksmo, infant.

FOLEY, S. The claim of Anna E. Cunningham is allowed to the extent of $2,500 as against the outright share of Elizabeth K. Buckley in her one-half of the residue. It is disallowed in its entirety against the balance of the residue which is held in trust for the benefit of Mary L. Teksmo. I find upon the evidence that an express agreement was made by Mrs. Buckley to settle and adjust the claim of Miss Cunningham against the estate and an express direction was given by Mrs. Buckley to the executor to pay the proportionate amount, fixed above, out of her share of the estate. Despite any doubtful validity of the claim, the agreement of the legatee created an enforcible right on the part of the claimant

to recover. (*Sears* v. *Grand Lodge A. O. U. W.*, 163 N. Y. 374; *Dunham* v. *Griswold*, 100 id. 224; *White* v. *Hoyt*, 73 id. 505; *Matter of Crowe*, 139 Misc. 648; Clark New York Law of Contracts, p. 422, and cases cited therein.) The claimant appears to have asserted the claim in good faith. The agreement of settlement provided for the payment of the amount of the settlement to a corporation of which the uncle of the legatee and the claimant were to embark in business. The claimant carried out her part of the agreement, yielded her right to sue on her original claim, and pursuant to the terms of the settlement, actually went into business with the uncle of the legatee. The check was drawn in accordance with the arrangement by the executor to the order of the new corporation, but payment was stopped under a temporary restraining order of this court. " A promise made upon a settlement of disputes and to prevent litigation is made upon a good consideration, and the settlement of a doubtful claim will uphold a promise to pay a stipulated sum or do any other lawful act. * * * Courts from the earliest times have favored compromises of *bona fide* disputes and have held agreements therefor to be founded upon good consideration irrespective of the validity of the claim which was compromised." (*Minehan* v. *Hill*, 144 App. Div. 854, at p. 858.) There is no credible evidence in the record that Mrs. Teksmo, the life tenant of the trust, consented to or ratified this settlement. Such consent or acquiescence would be worthless since she was merely the life tenant of the trust and her infant daughter was the contingent remainderman.

Submit decree on notice settling the account in accordance with this decision and the prior directions of the surrogate.