HILDA KYNIN and Another, Plaintiffs, v. GRAND PLAZA CATERERS, INC., and Others, Defendants.

City Court of New York, Bronx County, June 19, 1933.

*Edwin I. Becker,* for the motion.

*Aaron Greengold,* opposed.

DONNELLY, J. This action, which is in replevin for the recovery of certain personal property, or, in the alternative, for money damages, came on for trial at Trial Term, Part I, of this court before Mr. Justice KOCH, formerly a justice of this court, and a jury, January 13, 1933. At the close of the plaintiff's case and after a two-hour conference between the justice and counsel, a stipulation of settlement was entered into between the parties herein. This stipulation was spread upon and made a part of the record in the trial aforesaid. Thereafter, and while Mr. Justice KOCH was a member of this court, the defendants Epstein and Finn moved to be relieved from the stipulation. The motion came on before Mr. Justice KOCH, who, on March 8, 1933, filed herein the following memorandum: " A decision on the motion made by the defendants is dependent upon the determination of the amount paid. This question will be referred to Charles J. Kennedy, Esq., to hear and report. Decision on the motion reserved pending the report of the referee. Submit order." The reference has been had and the referee has reported that nothing has been paid on account of any of the claims alleged by the plaintiffs in their complaint. Meanwhile, Mr. Justice KOCH ceased to be a member of this court, he having, on the 12th day of April, 1933, been appointed a justice of the Supreme Court in this department.

Plaintiff now moves for an order confirming the report of the referee; for an order denying the defendants' motion to be relieved of the stipulation; for an order vacating the stay contained in the order to show cause by which the defendants brought on their motion to be relieved of the stipulation, and for an order directing the defendants Epstein and Finn forthwith to pay to the referee the balance of his fees and the stenographer's minutes, in the sum of $153.88.

While a trial cannot be commenced before one judge and then continued before another, in the first and second judicial districts by statute, special proceedings may follow that course. (*Covaleski* v. *Thomas,* 229 App. Div. 413, 414, citing Civ. Prac. Act, § 78.) The motion by the defendants to be relieved of the stipulation is a special proceeding. Where, in such proceeding, as here, the justice holds the motion in abeyance pending the coming in of the report of the refereee appointed to hear and report, the motion

remains before the court, and if the justice before whom the motion was made goes out of office pending the reference, the matter may again be brought before the court by moving to confirm the referee's report. (*Frost* v. *Reinach*, 40 Misc. 412.)

The stipulation of settlement herein constitutes a contract between the parties to it. What the movants virtually seek by their application to be relieved of the stipulation is a rescission of the contract, upon the ground that they were unaware, at the time they entered into it, that the judgment to which they consented was the amount the plaintiff Stoller alleged he was contingently liable for under a certain chattel mortgage, and that subsequently the defendants learned that the contingent liability of the said Stoller had been substantially reduced by the payment, by the mortgagor, of the indebtedness listed in the mortgage, whereby the mortgagee, Stoller, was released from certain indebtedness. This court is without power to grant the relief sought. The defendants' remedy is to bring an equitable action to set aside the stipulation. (*Snead & Co.* v. *Brager*, City Court of City of New York, County of New York, opinion by STEUER, J., 148 Misc. 603.)

The motion is granted to the extent of confirming the referee's report, of allowing the referee's fees and vacating the stay contained in the order to show cause dated February 24, 1933. Order filed.