PHILIP GREENWALD, Respondent, *v.* EMEX REALTY Co., INC., and MAX STUCHIN, Appellants.

Supreme Court, Appellate Term, Second Department, December 14, 1939.

*Daniel Kavitt* [*Benjamin Burrows* of counsel], for the appellants.

*Joseph W. Gottlieb*, for the respondent.

PER CURIAM. Order unanimously reversed on the law, with ten dollars costs to defendants, and motion denied. The motion was to vacate a stipulation of settlement and discontinuance. All the papers show that plaintiff's attorney prepared the release which he signed and that such release and the check to plaintiff were delivered after agreement for settlement and discontinuance had been arrived at. No judgment was necessary nor agreed upon to effectuate the settlement. The action was at an end.

The defendants deny there was any fraudulent representations which induced the settlement. Under such circumstances the plaintiff could not, by motion, nullify the agreement to settle. His remedy was by action. (*Yonkers Fur Dressing Co., Inc.*, v. *Royal Ins. Co., Ltd.*, 247 N. Y. 435, 445.) The limitation placed by that case on the decision in *Sperb* v. *Metropolitan El. R. R. Co.* (10 N. Y. Supp. 865; affd., 123 N. Y. 659), cited by plaintiff, is frequently overlooked.

In the latter case the stipulation did not terminate the litigation. It provided for the entry of judgment on default of performance of the terms of the stipulation — the action was left pending. Below the plaintiff alleged he agreed " to mark the case settled and discontinued " and to accept $225 and deliver a general release. No opinion.

Present — MacCRATE, LEWIS and SMITH, JJ.