SAMUEL ISLER, Appellant, v. BENJAMIN Q. ISLER and BESSIE HOLAND ISLER, Respondents, and CHARLOTTE ROSE ISLER, Defendant, SAMUEL UNGER, Attorney, Appellant.— Order dated August 23, 1940, granting motion of the defendants Benjamin Q. Isler and Bessie Holand Isler to vacate a stipulation of settlement of the action, and in certain specified events restoring the case to the calendar for trial, affirmed, with ten dollars costs and disbursements. Order denying plaintiff's motion to recall a " decision " upon which the order of August 23, 1940, was entered, affirmed, without costs. The stipulation of settlement did not terminate the action. When the motion was made to vacate the stipulation or to relieve the respondents therefrom, the action was still pending. (*Goldstein* v. *Goldsmith*, 243 App. Div. 268.) A fair reading of that stipulation obligated the plaintiff to obtain a release from his former wife or an adjudication respecting her interests in the property. The provisions in the stipulation prescribing what the respondents should do in the event they received such a release or an adjudication respecting her interest, did not exclude plaintiff's obligation. Moreover the court might properly relieve from the stipulation because of the inequitable situation that arose as a consequence of its effect and plaintiff's attitude toward it with respect to the undetermined interest of the plaintiff's wife. The confusion growing out of the manner of submission of the controversy to the Special Term involved no prejudicial harm to the plaintiff in view of the fact that whether or not the respondents should have the relief accorded them was dependent upon

the terms of the stipulation and the undisputed fact that the possible interest of plaintiff's wife had not been disposed of by means of a release from her or an adjudication respecting her possible rights. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.