FLORENCE BALBERT, Plaintiff, *v.* IRWIN BALBERT, Defendant.

Supreme Court, Special Term, Bronx County, August 18, 1947.

*Isidore Meyer* for plaintiff.

*Morris Straub* for defendant.

CORCORAN, J. On March 7, 1945, plaintiff caused defendant to be served with a summons and complaint in this action for a separation, together with a notice of motion seeking temporary alimony and counsel fees. Defendant's answer was served on or about March 27, 1945.

By order dated April 5, 1945, this court granted the motion and awarded temporary alimony in the sum of $20 per week for the support of the plaintiff and the two children of the marriage, commencing on March 19, 1945, together with counsel fees.

The cause came on for trial on March 6, 1946. After a conference between the court, the parties and counsel, a stipulation was dictated into the record in open court. The pertinent parts of the stipulation are as follows:

" It is hereby stipulated and agreed the above entitled action be and the same is hereby settled as follows:

" (1) That the parties hereto are to enter into a formal agreement of separation, which agreement of separation shall, among other things, provide for the following:

" (1) Custody of both children is to be granted to the plaintiff in this action.   *   *   *

" (2) The defendant is to pay to the plaintiff for her support and for the support and maintenance and education of the infant children of the marriage the sum of $25.00 per week, commencing with Monday; March 11, 1946.

" (3) In the event the financial condition of the defendant shall change the plaintiff shall have the right, after the expiration of one year from the date hereof, to make any appropriate application in this regard in this court, and in this action, before the Honorable Kenneth O'Brien.   *   *   * "

No findings of fact or conclusions of law were made; and no order, judgment or decree was entered on the stipulation.

On or about April 8, 1946, Robert, the older child, went to live with the defendant. Defendant thereupon reduced the weekly amount provided in the stipulation, and commencing April 15, 1946, paid to the plaintiff the weekly sum of $12.50. He had the plaintiff sign a series of weekly receipts reading somewhat as follows: " Received $25 for support as agreed for two weeks. Robert to stay with his father for support and care as per mutual agreement ".

The weekly payments of $12.50 continued until July 16, 1946, when defendant stopped payments altogether. His reason was that the plaintiff refused to sign a separation agreement containing a proposed paragraph providing that custody of the son Robert be given to the defendant husband. No such provision was contained in the stipulation. The stipulation specifically provides that plaintiff wife is to have custody of both children.

For well over a year, therefore, defendant has paid nothing whatever to the plaintiff for her own support or for the support of either child.

On or about January 10, 1947, plaintiff moved to restore this action to the calendar for trial. Defendant opposed, and the motion was denied.

On August 5, 1947, plaintiff moved by order to show cause to punish defendant for contempt in failing to pay for the support and maintenance of the plaintiff pursuant to the order of April 5, 1945, awarding temporary alimony.

Defendant takes the position on this motion that the stipulation entered into in open court " is conclusive that there is

no action pending in this court ", and argues that an intermediate order for temporary alimony cannot be enforced since there is no action pending. He contends that the plaintiff is playing " fast and loose with the court ".

The defendant husband argues that the stipulation has terminated the action and the court is powerless to enforce its intermediate orders. He, however, will not comply with the stipulation. It is apparent who is playing fast and loose with the court.

It is axiomatic that a court ordinarily will not intervene where parties have settled their differences by stipulation (*Yonkers Fur Dressing Co.* v. *Royal Ins. Co.*, 247 N. Y. 435; *Sears* v. *Grand Lodge A. O. U. W.*, 163 N. Y. 374; 161 A. L. R. 1167, 1195; 44 Harv. L. Rev. 127). But whatever may be the rule in other cases or in other situations, a matrimonial action is not terminated when a stipulation is dictated into the record at the trial. Even in nonmatrimonial cases, " All the proceedings in an action are under the control and subject to the direction of the court, so long as the action is pending." (*Barry* v. *Mutual Life Ins. Co. of N. Y.*, 53 N. Y. 536, 539.)

It is to be noted that paragraph (3) of the stipulation above keeps this action alive, permitting an application to the court to be made " in this action ". A court has inherent power to interfere, on motion, with a stipulation made in the course of a trial where the stipulation still leaves the action pending and thus subject to the court's control. (*Sperb* v. *Metropolitan El. Ry. Co.*, 57 Hun 588; opinion in 10 N. Y. S. 865, affd. 123 N. Y. 659; *Ladd* v. *Stevenson*, 112 N. Y. 325; *Manufacturers Mutual Fire Ins. Co.* v. *Hopson*, 176 Misc. 220.)

This is particularly true in matrimonial actions. In such cases the court is dealing with controversies which are not on a par with other civil litigation. Public rights and public interests are in the balance. In earlier days, it was customary in a final matrimonial judgment to reserve so-called " leave to apply at the foot of the judgment or otherwise " so that the court could retain control over the various elements of the action. (*Cooledge* v. *Cooledge*, 1 Barb. Ch. 77; *Forrest* v. *Forrest*, 25 N. Y. 501; *People ex rel. Comrs. of Charities* v. *Cullen*, 153 N. Y. 629, 639.) Under such a reservation, jurisdiction over the incidental subject matter continued. (*Hauscheld* v. *Hauscheld*, 33 App. Div. 296; *People ex rel. Hauscheld* v. *Dunn*, 38 App. Div. 640, affd. 159 N. Y. 570.) In 1925, the predecessor of section 1170 of Civil Practice Act was enacted (L. 1925, ch. 240). The effect of this statute, as last amended in 1934

(L. 1934, ch. 521) " is to write a reservation into every final judgment of divorce. The jurisdiction of the court over the parties and over the incidental subject-matter is prolonged; and to that extent the action may be said to be pending within the meaning and intent of section 1169 of the Civil Practice Act." (*Fox* v. *Fox*, 263 N. Y. 68, 70.) Such statute even writes into a final matrimonial decree " a reservation of a right to annul, vary or modify or to insert any provision for support and maintenance." (*Hoops* v. *Hoops*, 292 N. Y. 428, 433.)

Plaintiff may well have brought proceedings to compel defendant to comply with the stipulation entered into in open court. She is not compelled to rely on an independent action on the stipulation. The rule is well stated by Surrogate HENDERSON in *Matter of Roeben* (53 N. Y. S. 2d 432, 434) : " The court has the power to grant summary relief by motion in the original proceeding, to compel the performance of a valid stipulation made by the parties to an action. *Potter* v. *Rossiter, No. 4,* 109 App. Div. 737, 96 N. Y. S. 177. While it is unquestioned that the respondent could have brought an action or an independent proceeding to obtain the relief requested, yet she is not limited to such procedural relief. She is entitled to seek the relief desired by her, in a summary way by motion, ' as the court would hold the parties, by an application in the action, to the observance in good faith of the obligations of an agreement in that way effected '. *Valentine* v. *Central Nat. Bank,* 10 Abb. N. C. 188, 190; *Cohn* v. *Cohn,* 120 Misc. 731, 732, 200 N. Y. Supp. 431, 432." Of course, where a stipulation of discontinuance is duly filed and terminates an action, the moving party's relief is not by motion in the action but rather by a plenary action to set aside the settlement. (*Greenwald* v. *Imex Realty Co.,* 173 Misc. 122.) But there is a difference between a stipulation of discontinuance which terminates an action and a stipulation of settlement which does not terminate an action. (*Isler* v. *Isler,* 260 App. Div. 1032; *Pesner* v. *Goldman, Inc.,* 23 N. Y. S. 2d 698; *Mandelbaum* v. *Silberfeld,* 186 Misc. 244; cf. *Gruen* v. *Carter,* 258 App. Div. 36.)

In *Kunker* v. *Kunker* (230 App. Div. 641) it is emphasized that parties to a matrimonial action can never finally contract with respect to the custody of children and their proper support and education (p. 645) : " Over these the court has jurisdiction regardless of the agreement of the parties, for as to them the directions must be such ' as justice requires ' subject to later modification. (Civ. Prac. Act, § 1170. See, also, Dom. Rel. Law, § 70 * * *.) " Statutes such as these are adopted

by the Legislature pursuant to the power which it possesses, as successor to the Crown, to function and legislate in its capacity of *parens patriæ*. (*Matter of Brock* 245 App. Div. 5.)

Plaintiff has not, however, brought proceedings to force defendant to comply with the stipulation. She has instead brought this motion to punish him for contempt of court for failing to obey the order of April 5, 1945, awarding temporary alimony. This relief is also available to her. The action was not terminated by the stipulation. It is still pending. (*Goldstein* v. *Goldsmith,* 243 App. Div. 268.) The stipulation itself contemplated the continuance of the action, providing for further relief therein. The order of April 5, 1945, has never been vacated, or modified. It still stands as an order of this court in this action.

The court holds that until an interlocutory or final judgment, order or decree has been made, an unmodified and unvacated intermediate order directing the payment of alimony *pendente lite* is fully enforcible. The present motion is granted to the extent of directing that the defendant be punished as and for a contempt of this court if he does not comply with the provisions of said intermediate order within ten days after service upon his attorney of a copy of the order determining this motion with notice of entry. In such connection the defendant is fined the amount of money he has failed to pay under the order. He shall have credit for all payments he has actually made to the plaintiff.

Settle order within five days, on two days' notice.