In the Matter of LOUIS FREEDMAN, Petitioner, against MUNICIPAL COURT OF THE CITY OF NEW YORK, SIXTH DISTRICT OF THE BOROUGH OF QUEENS, et al., Respondents.

Supreme Court, Special Term, Queens County, February 8, 1949.

*Sol O. Maltz* for petitioner.

*A. Edward Markowitz* for Harry Rimland, respondent.

HALLINAN, J. The petitioner, in this proceeding under the provisions of article 78 of the Civil Practice Act, seeks an order which will, in effect, prohibit the Municipal Court of the City of New York, Borough of Queens, Sixth District, and the Justice

there presiding, from deciding a motion which is now pending and which was brought on by an order to show cause, dated January 24, 1949, upon the ground of lack of jurisdiction, and annulling said order to show cause and the stay therein contained and any order which may be made pursuant thereto.

The petitioner, as landlord, instituted a summary proceeding in said Municipal Court on May 3, 1947, to dispossess Harry Rimland, as tenant, of certain business space. Both sides appeared by attorneys who entered into a written stipulation, dated May 20, 1947, executed by them as attorneys for the respective parties, pursuant to which it was agreed, in substance, that a final order be entered forthwith in favor of the landlord, but that the warrant be stayed until February 1, 1949, at which time such warrant shall issue without further notice. Other provisions in the lengthy stipulation contained conditions for the earlier expiration of the stay in the event of certain contingencies. A final order was issued on May 22, 1947, the last paragraph of which states: " On consent, issuance of warrant stayed to Feb. 1, 1949. See stipulation herewith as to terms and conditions. Minutes filed herewith." By an order to show cause, dated January 24, 1949, the tenant moved in said Municipal Court for an order vacating the stipulation of May 20, 1947, and the final order made pursuant thereto and restoring the original holdover proceedings for trial or, in the alternative, further staying the issuance of the warrant of eviction embraced in said final order. Said order to show cause also contained a stay of all proceedings including the dispossess of the tenant " until the hearing and determination of this application, and the entry of an order thereon." The landlord, through his attorney, in opposition to said motion and upon the argument thereof, raised the question of the court's power to hear and determine the same, urged that the court lacked jurisdiction in the premises, and requested the court to annul the temporary stay embodied in said order to show cause. The presiding Justice, however, according to the petition, " indicated that he would hear and determine the said motion, but failed to annul the temporary stay," pending such determination. The present proceeding ensued.

The contentions of the petitioner may be summarized by setting forth the points urged by him in his supporting memorandum. They are as follows:

" Point I

The Supreme Court has jurisdiction to grant the relief requested by the petitioner-landlord."

## " Point II

A stipulation of settlement may not be vacated on motion. The stipulation may be set aside only by an appropriate action, on recognized grounds, in a court of equitable jurisdiction. The municipal court does not have that jurisdiction."

## " Point III

By the same token, the municipal court may not set aside the final order entered herein and consented to by the tenant."

## " Point IV

In any event, a stay beyond February 1, 1949, is not authorized."

There is no question that this court has the power to issue an order in the nature of prohibition, but whether or not it will issue such an order in this case depends upon whether the Municipal Court and the Justice there presiding had jurisdiction to issue the order to show cause, dated January 24, 1949, and to entertain the motion therein embraced. It is well settled that a court has the power to relieve a party from a stipulation in a situation which is unjust or harsh, even when it is fully understood and authorized (*Humphries* v. *Shapiro,* 187 App. Div. 96), but there is a difference between a stipulation of settlement which terminates an action and one which does not. (*Isler* v. *Isler,* 260 App. Div. 1032; *Pesner* v. *Goldman, Inc.,* 23 N. Y. S. 2d 698; *Mandelbaum* v. *Silberfeld,* 186 Misc. 244.) Where the action is terminated, the aggrieved party's remedy is not by motion in the action, but by a plenary suit to set aside the stipulation of settlement. (*Greenwald* v. *Emex Realty Co.,* 173 Misc. 122.) Where the stipulation, however, still leaves the action pending, the court retains control and can exercise its inherent power to interfere *on motion* with such stipulation. (*Sperb* v. *Metropolitan Elevated Ry. Co.,* 57 Hun 588, opinion in 10 N. Y. S. 865, affd. 123 N. Y. 659; *Ladd* v. *Stevenson,* 112 N. Y. 325; *Manufacturers Mut. Fire Ins. Co. of Rhode Island* v. *Hopson,* 176 Misc. 220.)

Whether the motion which was made before the Municipal Court in respect of which this proceeding has been brought falls within one or the other situations above referred to is a matter which the Justice presiding in the Municipal Court can determine for himself. It cannot be said that he has no jurisdiction to entertain such a motion or to decide it on the merits. Any errors may be corrected by appeal. Nor is there any doubt that upon such a motion the court may allow a discretionary stay

pending the determination of the application. (Civ. Prac. Act, § 167.) As for the petitioner's contention that no further stay may be granted to the tenant (Business Rent Law, § 8; L. 1945, ch. 314, as amd.), that matter is embraced in the alternative relief sought in the order to show cause and can be passed upon by the Municipal Court Justice before whom the entire matter is *sub judice*.

The petition is accordingly dismissed.