Vincent A. Lupiano, J.
Motions Nos. F-1872 and F-1892 are hereby consolidated for disposition. Plaintiff, by these motions, seeks the following: (a) an order vacating and setting aside a certain separation agreement executed between the *416 parties during the pendency of this action; (b) alimony pendente lite-, (c) an examination before trial of defendant and of a witness respecting alleged fraudulent representations made by defendant to induce plaintiff’s execution of said separation agreement, and an examination of claimed defaults by defendant of support payments thereunder.
Plaintiff instituted an action for separation in March, 1956. On April 12,1956 a stipulation, in the form of a final separation agreement, was executed by the parties and filed. In all the negotiations culminating into agreement both parties were respectively represented by counsel; they continue to serve the parties. It appears that the agreement was intended as a final adjustment of the parties’ marital difficulties in that there was a provision for plaintiff’s support in addition to the usual clauses contained in a final separation agreement. It did not, however, expressly terminate the action and no stipulation or order of discontinuance has been filed nor have steps been taken therein by either party, other than the instant application.
The outset question then is whether this motion is properly before the court, or whether the plaintiff should proceed by an independent action to set aside the separation agreement.
On the face of the agreement in question, it would appear that it was intended to settle all marital difficulties and matters then pending between the parties. In effect, it was a stipulation of settlement and an agreement of separation. Yet, since the action was not specifically terminated by the agreement, or by independent stipulation or order of the court, the action must be considered as still pending. There is a difference between a stipulation of discontinuance which terminates the action and a stipulation of settlement which does not conclude an action (Balbert v. Balbert, 190 Misc. 628, 633; Isler v. Isler, 260 App. Div. 1032). In the latter situation the action continues and all proceedings therein are subject to the control and the direction of the court (Barry v. Mutual Life Ins. Co. of N. 7., 53 N. Y. 536, 539; Balbert v. Balbert, supra), which retains power, via motion, in the same action to compel performance of a valid stipulation made therein (Potter v. Rossiter, No. 4, 109 App. Div. 737; Matter of Roeben, 53 N. Y. S. 2d 432, 434). It therefore follows that defendant’s objection that plaintiff’s remedy is limited to a plenary suit to set aside, or enforce compliance with the agreement, is not a valid one (Balbert v. Balbert, supra, p. 632, and cases therein cited).
Apparently defendant met his stated obligations of making monthly payments of $500 up to January 1, 1957 at which time he transmitted $200 which, defendant’s attorney asserts, was *417 by mutual consent, impelled by defendant’s changed circumstances, warranted by the stipulation.
Plaintiff here asserts that she was induced to sign the separation agreement on the basis of representations made by defendant that he was only an employee of his firm and those relating to his salary and the total amount of insurance he carried on his life. These representations she now asserts were false, known to be false and made to precipitate her into the agreement. She claims she was ill at the time; was under psychiatric care; that under such circumstances she was imposed upon to her damage. In support of these claims plaintiff alleges that ‘1 my husband then was and may still be a partner ’ ’ in his firm and that her husband understated the amount of his life insurance. Defendant, on the other hand, is out of the country and his attorney, who has apparently represented him in all phases of this situation, makes the opposing affidavit. While the showing by the plaintiff as to the alleged fraud is not overly impressive, the defendant’s attorney has not specifically denied the charges. The court, therefore, is reluctant, on the mere submission of affidavits to conclude that the separation agreement is valid, without first giving the parties a more extensive hearing. For such a finding may be res judicata thereby precluding the plaintiff either in this action or an independent plenary action from raising the question of fraud or improvidence in any effort to set aside the agreement.
There is, moreover, a definite question of compliance with the terms of the stipulation which requires determination. Plaintiff asserts that defendant has failed, since January 1, 1957, to comply with the support provisions of the agreement in that he has arbitrarily reduced the payments. Defendant, in substance, concedes this but asserts that plaintiff consented thereto. Under the cases cited above, this court has jurisdiction to enforce compliance with the terms of the stipulation and agreement in question upon a proper and complete exposition of the pertinent facts, which would include proof of defendant’s present employment and earnings and plaintiff’s alleged consent.
This motion is therefore granted to the extent of referring the matter to Honorable Eugene L. Beisach, Official Referee, to take testimony respecting the issue of (1) whether the stipulation of the parties herein was intended and executed as a final separation agreement; (2) whether the plaintiff’s consent to such agreement was procured fraudulently; (3) if the agreement was validly made, to what extent has the defendant complied with the support provisions therein, and to report thereon with his recommendations.
*418 Pending the receipt of the Referee’s report the motion for alimony pendente lite and the motion to set aside the separation agreement are held in abeyance.
Plaintiff’s motion for an examination before trial of the defendant and of a witness is denied. While this court has permitted examination before trial upon motions submitted in a matrimonial action (Citron v. Citron, 5 Misc 2d 1004 and cases cited therein), no special circumstances are shown on this motion to justify the granting of such relief.
Settle order.