Samuel M. Gold, J.
Defendant General Music Publishing Company, Inc., had assumed and acted upon its claim of right to the subject musical composition by virtue of the assignment to it by one Norman Span as the claimed writer. Plaintiff Duchess Music Corporation and, through it, others had assumed and acted upon the claim of right to exploit the composition of one Harry Thomas. Defendant General instituted an infringement suit against the plaintiff Duchess and others, which resulted in discontinuance by a stipulation of discontinuance and settlement. General’s claim arose out of Span’s assignment, dated April 2,1957 and the affidavit of Span, dated March 22, 1957. The action was settled in April, 1959. Thereafter there was claimed discovery of the alleged fact that General had no basis of claim of right in the work, for prior to April 2, 1957 Span had made assignment of his rights to another by a document, dated February 25,1955. Upon the basis of that discovery, this action was brought to set aside the settlement agreement on the ground of mistake of fact or fraud. Defendant General now moves for summary judgment dismissing the complaint.
It clearly appears that all the parties to the prior action having a concern in the uninterrupted and undisturbed exploitation of the composition without loss of realizable profit had engaged in the compromise agreement and that pursuant to the arrangement as thereby provided there has been full operation of the copyright and without eviction or interference in the use by any paramount title. In fact, by the agreement General undertook to hold plaintiffs harmless against claim by Norman Span, his representatives or assigns. The present claim is that the source of this defendant’s copyright by assignment had nothing to give to General at the time of such assignment. There is no contention that any of the parties to the prior action made any mistake as to any fact known to them or considered in reaching the compromise or in reducing to writing the agreement reached or that any belief in reliance upon facts as stated or reduced to writing resulted from a representation known to be false. In fact, in defense of the prior action, this plaintiff urged acquisition of the basic right some two years before it is now claimed that Span had parted with his rights to another before his assignment to General. Moreover, it is conceded that General’s acquisition was never the subject of any negotiations which led to the settlement and thus the claims made in the prior action were alone the basis for the settlement as reached enabling the *361 parties to pursue their business and advantages accordingly. It cannot now be urged that there was fraud in the allegations forming part of the pleadings and the papers relied upon by General as plaintiff in the prior action. It was the source of the composition that was there in dispute and not whether General was the sole assignee of Span. As already indicated, plaintiff made a provision with respect to Span and any future claim by him, his representatives or assignees by requiring General to indemnify, all of which is evidence of the fact that there was not any reliance on warranty of title or consideration of that fact, whether true or false, but rather a remedy provided in the event of a future claim of paramount title. Apart therefrom, however, what was discovered months after the settlement could have been discovered by investigation prior to ultimate settlement. There could be no amicable composition if parties cannot freely settle disputed claims upon the basis of facts as they are known or assumed in good faith to be, save at the risk of attack by a disappointed party, should subsequent investigation reveal facts theretofore unlmown to exist. There is nothing now offered to show that any party at the time of settlement had any knowledge whatever contradicting the concession made by the defendants in the prior action that Span was the composer and thus that the rights on which defendants there had relied were nonexistent or that General had such knowledge as would render its claim of prior right from Span to be knowingly false.
In Sears v. Grand Lodge of A. O. U. W. (163 N. Y. 374) the action was upon an agreement composing a disputed claim. One Charles B. Baumgrass became a member on July 31, 1886 and received a certificate providing for the payment of the sum of $2,000 to his wife in the event of his death. He disappeared on December 28, 1886. After a lapse of nine years, the wife brought an action against the defendant, which was settled on March 26, 1896. The defendant had undertaken to pay to the plaintiff $666 promptly “ not to be returned in any event.” The balance was placed in escrow until July 1, 1897 upon the condition that if before that time the defendant produced reasonable proof that the insured was alive, the money so deposited was to be returned to it and, failing such proof, plaintiff * ‘ shall take full title to the same.” Before payment of the sum of $666 and 20 days after the execution of the agreement, the insured was proved to be alive. The action was brought to recover the sum of $666. The court stated that the material facts were that the insured disappeared absolutely; that the beneficiary waited nine years and then brought action to recover the total insur *362 anee and the defendant sought a compromise. In this situation, the court stated at page 377: “ It is not unreasonable to assume that the defendant regarded the chances of success in litigation as decidedly in favor of the plaintiff; the legal presumption arising at the end of seven years that the insured was dead had existed for two years. What then was there to compromise in the action then pending? Clearly but one thing was dealt with or could be in the agreement of settlement, to wit, the possibility that the insured should prove to be alive.” To paraphrase, the material facts here are that the parties to the prior action claimed that the musical composition was written by different composers and thus the source of the composition was in dispute. The defendants there sought a compromise. It is not unreasonable to assume that the parties desired to proceed with the exploitation of the composition and the defendants were willing to concede that Norman Span was the composer. Clearly then, what was to be compromised and the subject to be dealt with was the source of the composition and not the priority of plaintiffs’ assignment from Span. It is further stated in Sears that “It is also urged that the trial judge found that when the agreement was entered into, both parties believed the insured was dead. It was also found that notwithstanding such belief the contract recognized, contemplated and provided for the possibility of the insured being alive ” (p. 378). So, here, the parties disputed the source of composition but agreed Span was the composer and further provided for indemnity in favor of the plaintiff here with respect to any claim by Span, Ms representatives or assigns.
Quoting from section 849, of Pomeroy, Equity Jurisprudence, the court said further at page 379: “‘It should be carefully observed that this rule has no application to compromises, where doubts have arisen as to the rights of the parties, and they have intentionally entered into an arrangement for the purpose of compromising and settling those doubts. Such compromises, whether involving mistakes of law or fact, are governed by special considerations.’ ”
The court further stated:
‘ ‘ The agreement was in furtherance of a lawful compromise, and enforceable without regard to the validity of the beneficiary’s claim under the original certificate of insurance.
“ Compromises of disputed claims fairly entered into are final, and will be sustained by the courts without regard to the validity of the claims.”
The motion is granted.