Felix J. Aulisi, J.
The plaintiff, Antenna Systems Corporation, has brought a motion to vacate and set aside the terms of a stipulation of settlement in a contract action heretofore instituted by the plaintiff against Entrón, Inc. The defendant, Entrón, Inc., which thereafter instituted an action against the defendants, Robert C. La Plante, Myron B. Harowitz, Schinebro, Inc., and Schine Chain Theatres, Inc. upon a guarantee executed by said defendants wherein they guaranteed performance by Antenna Systems Corp. of the Entrón-Antenna contract, has countered by moving for an order directing the performance by Antenna Systems Corporation and La Plante, Harowitz, Schinebro, Inc. and Schine Chain Theatres, Inc. of the terms of said stipulation of settlement, and, in the event of failure of compliance with such order that judgment be entered accordingly.
During the pendency of these two actions, a written stipulation of settlement liquidating and settling the actions was entered into and signed by all the parties and one of the terms was that Antenna agreed to pay Entrón the sum of $93,000. The stipulation was signed by all parties to the two actions. It was, in effect, a new agreement resolving the litigation. Antenna Systems Corporation alleges, in its papers, that the decision to sign the stipulation of settlement was made only after National Theater Supply Company assured its officers that it would finance Antenna Systems to meet its obligations under the terms of the settlement, and that relying on this assurance, the said stipulation of settlement was then signed by Antenna Systems Corporation. It is further alleged that after the said stipulation was signed, the National Theater Supply Company refused to grant the loan. The settlement agreement is silent as to National Theater Supply Company’s participation in the financial arrangements.
Antenna Systems Corporation contends that this action by National Theater Supply Company was a deliberate attempt to make it impossible for Antenna Systems Corporation to protect its interest; that the National Theater Supply Company has an *741 interest in Antenna Systems Corporation, and having full knowledge of all the facts, National Theater Supply Company acted in a conspiracy with Entrón Incorporated to induce Antenna Systems Corporation into default.
Upon all these allegations, it deems itself entitled to relief.
The court is without power to vacate summarily, on motion, a stipulation of discontinuance valid on its face and terminating the action; one asking to be relieved therefrom may, in a proper case, obtain relief by plenary suit (Yonkers Fur Dressing Co. v. Royal Ins. Co., 247 N. Y. 435; Matter of Skinner, Cook & Babcock v. Fourth Church of Christ, Scientist, Borough of Manhattan, 238 App Div. 573; Equitable Trust Co. of N. Y. v. MacLaire, 77 Misc. 116; Greenwald v. Emex Realty Co., 173 Misc. 122; Naegeli Furniture Co. v. Holstein, 175 N. Y. S. 779; La Salle Extension Univ. v. Pappace, 152 Misc. 274; Snead & Co. v. Brager Bros., 148 Misc. 603; Kynin v. Grand Plaza Caterers, 148 Misc. 156).
On this motion, Antenna Systems further alleges misrepresentation and collusion in making the stipulation terminating the action and settling the case. These allegations are denied by Entrón. Whatever the truth of the matter may be, the situation here presented comes within the rule laid down in Yonkers Fur Dressing Co. v. Royal Ins. Co. (supra, p. 446) “ Defendants may be able in an independent suit to upset the settlement for reasons that would invalidate a contract, such as fraud or overreaching. But when a compromise results in the termination of an action and the execution of a new agreement giving effect to the settlement, it cannot be undone in the discretion of the court, on motion in the action and on conflicting affidavits raising anew the same dispute once settled, merely to bring about a final disposition of the original action on its merits ’ \
True it is, that a court has the inherent power to interfere, on motion, with a stipulation made in the course of a trial which still leaves the action pending and thus subject to the court’s control. So, although the question is by no means free from doubt, a court may have the power to deal summarily with a judgment entered upon a stipulation made as the result of fraud and collusion or involving the use of the judicial process for illicit purposes. This is on the theory that a court has an inherent power of control over its own judgments (Barry v. Mutual Life Ins. Co. of N. Y., 53 N. Y. 536; Ladd v. Stevenson, 112 N. Y. 325; Sperb v. Metropolitan El. Ry. Co., 57 Hun 588, affd., 123 N. Y. 659; Davidson v. Ream, 175 App. Div. 760; Goldstein v. Goldsmith, 243 App. Div. 268).
*742 On this motion, however, the stipulation liquidating and settling the controversy was valid on its face, the action has been terminated and subsequently the case was marked settled at calendar call. There was no judgment of the court so as to enable it to exercise any element of control. “ The settlement was made, not subject to judicial action, but by contract” (Yonkers Fur Dressing Co. v. Royal Ins. Co., supra, p. 446).
I, therefore, conclude that the Antenna Systems Corporation motion should be denied and the relief requested by Entrón Incorporated in its motion should be granted.