Edward T. McCaffrey, J.
Motion to reform the stipulation heretofore entered by the parties herein is granted. The portion of the motion seeking appointment of a Referee to compute, and for summary judgment is granted, unless defendant, Porter Flushing Realty Inc. cures the defaults in performance of the mortgage concerned within 10 days of the service of a copy of the order to be entered herein with notice of entry.
In the mortgage foreclosure action, a stipulation was entered by the parties, providing for entry of a judgment of foreclosure on and after April 1, 1964, and the withdrawal of defendant’s answer, providing defendant made payments of interest monthly on the unpaid principal of the mortgage. This stipulation contained further conditions which were to become effective upon the then pending condemnation of the property. Since then this condemnation has been indefinitely postponed, and it appears that defendant has made default in payment of taxes, sewer and meter charges, and in maintaining the necessary insurance upon the mortgaged premises, all as required under the mortgage. Defendant claims that as the stipulation did not require these payments to be made, it is under no obligations with respect thereto. Plaintiffs claim that it is clear that what was intended by the stipulation was that all terms and conditions of the mortgage survive, save that defendant was given additional time to pay the principal and the accrued interest. It is palpably incredible that the parties intended, by the stipulation to dispense with defendant’s compliance with all other terms of the mortgage, and readily apparent that plaintiffs’ interpretation of the agreement must prevail, and was that intended by the parties.
Defendant, however, claims that this court is without power to amend or reform the stipulation on motion, but that a plenary, equitable action is required to do so. In support thereof defendant cites the prior decision of this court, wherein plaintiffs’ motion for the appointment of a receiver, and for the entry of a judgment ■ of foreclosure was denied, the court stating, in pertinent part, that “Effect must be given to the stipulation until set aside (see Goldstein v. Goldsmith, 243 App. Div. 268) ”. This decision clearly does not preclude plaintiffs from seeking to have the stipulation modified, or even set aside but, in fact, clearly indicates that that was the procedure to be followed by plaintiffs.
This court’s power to modify or even set aside a stipulation entered in pending litigation is clear. As stated in the Goldstein case (supra, p. 272): ‘‘ Under almost any given state of facts, where to enforce a stipulation would be unjust or inequitable or *407 permit the other party to gain an unconscionable advantage, courts will afford relief [citing cases].” Similarly, in Yonkers Fur Dressing Co. v. Royal Ins. Co. (247 N. Y. 435, 445) the court stated that ‘ ‘ The court unquestionably exercises a large control over all proceedings in an action so long as the action is pending and the parties can be restored to their original position. [Citing cases.] In the exercise of its discretion it relieves litigants from stipulations signed by counsel during the pendency of the case, on motion in the action, when such stipulations were either unadvisedly or inadvertently signed, or when the circumstances reveal that the stipulation should not be held, in order to promote justice and prevent wrong.” (Emphasis added.) The cases cited by defendant are inapposite. In Snead & Co. v. Brager Bros. (148 Misc. 603) and Greenwald v. Emex Realty Co. (173 Misc. 122) the stipulations terminated the actions, and thus there was no action pending before the court when the motion to modify the stipulations was made. In fact in Greenwald the court specifically noted the point. Kynin v. Grand Plaza Caterers (148 Misc. 156) relied, solely, upon the Snead case, and to the extent it is inconsistent with the above-quoted language from the Yonkers Fur Dressing Co. case and with the Goldstein case is not controlling. (See, also, Colla-Negri v. Colla-Negri, 8 Misc 2d 415.)