■ ROBERT BESIG, Appellant, v VILLAGE OF CLINTON, Respondent.—Order unanimously affirmed without costs. Memorandum: Plaintiff, a waste-disposal contractor, entered into a contract with defendant for the collection and disposal of defendant's refuse for the years 1986-1987 and 1987-1988. The contract specifications required that all trash was to be dumped at the Oneida County Resource Recovery Unit and that the contractor would pay a per-ton tipping fee at the dump. The specifications also provided that the amount of the tipping fee would be determined by the Resource Recovery Unit. Plaintiff, who was aware that a price increase was expected at the facility, submitted a bid of $44,900 for 1986-1987 and $47,900 for 1987-1988. The tipping fee in the first year of the contract was $14.50 per ton but rose to $35 per ton in the second year of the contract.

Plaintiff instituted this action to rescind or modify the contract on the grounds of mutual mistake, frustration of purpose and equity. He argues that both parties mistakenly assumed that the tipping fee increase would not exceed 30%. In support of his motion for summary judgment, plaintiff submitted evidence that representatives of the Resource Recovery Unit had predicted a possible 30% increase in the tipping fee. He further averred that prior to submission of the bid, defendant's Mayor anticipated that the tipping fee would increase 30% and that it had become "common talk" among

trash haulers that the tipping fee was going to increase 30%. In opposition to plaintiff's motion, and in support of its cross motion for summary judgment, defendant averred that the Village Board had never represented that the tipping fee would increase only 30%. It also demonstrated that a bid of a competing contractor, which was in a base sum less than plaintiff's bid, was not accepted by defendant because it contained a provision that "in the event the cost of disposal at the Energy Recovery Facility increases, the village contract price will be adjusted to meet said increase".

Supreme Court denied plaintiff's motion and granted summary judgment to defendant dismissing the complaint. We affirm. Plaintiff is not entitled to rescission or modification of the contract. His factual showing establishes only that an increase in the tipping fee was anticipated. The parties purposely contracted based upon an uncertain and contingent event, and mutual mistake, under these circumstances, will not operate to relieve plaintiff of the disadvantageous contract *(see, Chimart Assocs. v Paul,* 66 NY2d 570, 574; *Sears v Grand Lodge,* 163 NY 374). (Appeal from order of Supreme Court, Oneida County, Shaheen, J.—summary judgment.) Present— Dillon, P. J., Denman, Green, Pine and Balio, JJ.