Van Vorst, J.
In construing the stipulation, and xn determining the rights which it confers, we are limited by its language, and the words used are to be taken in their accustomed sense. The Central National Bank, the defendant in this action, had recovered in this court a judgment against the present plaintiffs in an action which it had prosecuted against them.
The judgment debtors, the present plaintiffs, had appealed from that judgment, but desiring to avoid giving security on the appeal, offered to pay a portion of the same in cash, and to secure the residue by their notes. An arrangement of this nature was reached, and the stipulation which is the foundation of this action was the result.
By the terms of the stipulation, the present defendant agreed “that if final judgment for the defendants” (the present plaintiffs), should be had herein, that the plaintiffs (the present defendants), “will refund to the said defendants the cash payments made to them, together with such, if any, of said notes as shall not have been paid,” &c.
*190 Upon the hearing of the appeal, the judgment in favor of the bank was reversed, and a new trial was ordered. Upon the new trial, judgment upon the merits was awarded in favor of the present plaintiffs, and from that judgment the bank has appealed to the general term.
Pending the appeal, this action is brought upon the stipulation, to recover from the bank the cash and notes paid and delivered under the stipulation. It is true, that any relief to which the plaintiff in this action is entitled could have been had in a summary way by motion, as the court would hold the parties, by an application in the action, to the observance in good faith of the obligations of an agreement in that way effected. But the party is not limited to such application. The stipulation contains a valid agreement on the defendant’s part to return, under conditions, the money and notes, and a failure to do so is a breach of a contract for which an action will lie. The right of the plaintiff to recover in this action depends upon the construction to be given to the words “final judgment,” as used in the stipulation. The question is raised by a demurrer to the answer of the defendant, and notwithstanding the criticism indulged by counsel severally as to the form of the pleading of the other, that, after all, is the real question.
The plaintiffs do not in their complaint allege in words that a “final judgment” has been recovered in their favor in the action in which the stipulation is entitled, but they do allege the fact that upon the second trial they recovered a judgment upon the merits in their favor. The quality of that judgment is a question of law. Facts and not legal conclusions are the subject of pleading. Nor can the defendant relieve his answer from exposure to a demurrer by denying, not the fact of the recovery of a judgment as alleged, but that the judgment is a “final” one. That is a denial *191 of a conclusion of law. The stipulation is signed by the attorneys for the plaintiffs in that action, who are presumed to have used the words in the sense in which they are commonly understood in legal proceedings.
A final judgment is one which puts an end to a suit (Bouv. Law Dict. tit. “Judgment”). If a judgment so completely fixes the rights of the parties as chat the court has nothing further to do in the action, then it is final. If anything remains to be done by the court before the rights of the parties are fixed, it is interlocutory (Freeman on Judgments, § 12). Final judgments and decrees are those which determine the particular case (Weston v. Charleston, 2 Pet. 449). The Code of Procedure defines a judgment as “ either interlocutory, or the final determination of the rights of the parties in the action” (§1200). That an appeal may be taken, and the judgment be reviewed, does not diminish its quality as 6£ final.” The code itself speaks of appeals from a “final judgment” (§§ 1209, 1220, 1221, 1301, 1316).
The judgment upon the new trial did, in form and effect, settle finally the questions at issue between the parties upon the merits, and as long as it remains unreversed, it is conclusive. That judgment may be reviewed, be affirmed or set aside, but until the latter contingency happens, the rights of the parties are fully determined.
An appeal with a stay of proceedings may suspend its execution, but its character, meanwhile, is undisturbed.
Applying the rule that words are to be construed in the sense in which they were uttered, and that these words were used by lawyers in a legal proceeding, it must be held that they are to be construed in the sense which they legally import. I think that such construction is, furthermore, in accord with common sense and good faith.
*192 There is no good reason why the bank should hold on to the plaintiffs’ money after it has been determined upon a regular trial that it has no claim upon them. Until reversed, the judgment recovered upon the new trial is presumably right, and there is no equity in allowing the bank meanwhile to hold to its own use the plaintiffs’ funds. If, instead of paying the money voluntarily, in pursuance of the stipulation, the defendants in that action had allowed it to be collected upon execution, upon a reversal of the judgment, or a contrary result upon a second trial, they would have been entitled to restitution.
There must be judgment for the plaintiffs, on the demurrer, with costs.