(109 App. Div. 737)

### POTTER et al. v. ROSSITER et al. ·

(Supreme Court, Appellate Division, First Department. December 15, 1905.)

1. STIPULATIONS—COMPELLING PERFORMANCE—PARTIES.

Where, in an action on a contract, defendant corporation stipulated to pass a resolution recognizing a certain person as assignee of the contract under a clause providing for an assignment with the approval of defendant, and the resolution as passed contained a limitation not provided for by the stipulation, the plaintiff was entitled to enforce the passage of the resolution in accordance with the stipulation, although the assignee of the contract had retired from the action.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Stipulations, § 66.]

2. SAME—PROCEDURE.

A court has power to compel performance of a stipulation, and, though an action may be the proper remedy for this purpose where the existence or validity of the stipulation depends upon voluminous evidence, it may be. enforced by motion where it is undisputed and proper.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Stipulations, §§ 57, 58.]

Patterson and Ingraham, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Alexander Potter and another against Clinton L. Rossiter and others. From an order refusing to compel the performance of a stipulation, plaintiffs appeal. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, CLARKE, and HOUGHTON, JJ.

J. Aspinwall Hodge, for appellants.

Henry W. Goodrich, for respondents.

HOUGHTON, J. The record is very meager, but from it fairly appears the fact that the defendant Rossiter entered into a contract with the plaintiffs, among other things, to supply to them through the defendant Toluca Electric Light & Power Company a certain quantity of electrical power for the period of 20 years at a specific price, with the privilege on the part of plaintiffs to assign such contract for power to an assignee to be approved either by Rossiter or the company; that plaintiffs assigned such contract to one Florence D. Potter; that dissensions arose with respect to the contract between the parties and the approval of Florence D. Potter as assignee of that portion of the contract relating to the purchase of power, which resulted in this action, in which Florence D. Potter originally joined as plaintiff, undoubtedly for the purpose of compelling approval and recognition of her as such assignee; that after the complaint had been served, and the defendants

had duly appeared by attorney, a stipulation was entered into which provided for the doing of certain things beneficial to both parties, and amongst them the following:

"(2) The defendant Toluca Electric Light and Power Company shall pass a resolution within sixty days, substantially in the following form: 'Resolved that Florence D. Potter is the assignee approved by this company under the ninth clause of the contract between Alexander Potter and William B. Tuteur and Clinton L. Rossiter, dated November 29, 1901.'"

The stipulation further provided that Florence D. Potter should retire as a party plaintiff from the litigation, without costs, and that either party might enter an order to that effect, and that the summons and complaint might be amended in conformity therewith. This was done, and the action proceeded in the name of the present plaintiffs. Instead of passing the resolution provided for in the stipulation, the defendant corporation waited nearly two years, and then passed a resolution approving her as assignee, adding to it, however, as follows:

"This approval is limited to said Mrs. Florence D. Potter, and carries with it no right of assignment."

The plaintiffs repudiated this resolution as not in accordance with the stipulation, and made a motion to compel the passage of a resolution as agreed, without the limitation attached. This the court denied, and the plaintiffs appealed.

The plaintiffs have sufficient interest in the passage of the resolution to enable them to make this motion. They are the holders of the contract entered into between Rossiter and themselves, and Florence D. Potter is the assignee through them of that part of the contract relating to the purchase of electrical power. The stipulation was entered into in the action in which they were parties, and presumably they still have an interest in obtaining a proper recognition of the person to whom they assigned. Prima facie, if the consideration for the assignment failed, they would be liable to return what they had received. They therefore could make the motion, notwithstanding Florence D. Potter had retired as a party to the action. The court had power to compel performance of the stipulation, and we think it should have done so. Parties to actions may make stipulations for the government of their conduct, or the control of their rights, or the conduct of a litigation, which, unless they be unreasonable or against good morals or sound public policy, not only bind them, but are enforceable by the courts. Matter of Petition of N. Y., L. E. & W. R. R. Co., 98 N. Y. 453; Dubuc v. Lazell, Dalley & Co., 182 N. Y. 482, 75 N. E. 401. Where the existence or validity of a stipulation is dependent upon voluminous evidence, an action for its enforcement may be the proper remedy; but the court always has the power to enforce in a summary way, by motion, the observance of an undisputed and proper stipulation entered into by the parties to an action. M. L. Ins. Co. v. O'Donnell, 146 N. Y. 275, 40 N. E. 787, 48 Am. St. Rep. 796; Valentine v. Central National Bank, 10 Abb. N. C. 190; Kelsey v. Sargent, 2 N. Y. St. Rep. 669.

We see no reason why the defendant corporation should not be compelled to carry out its agreement and pass the resolution which it stipulated it would. It may be that Florence D. Potter has no right to assign the contract; but even that fact would not authorize the defend-

ant to attach a limitation to its approval of her. If a limitation was proper, it should have been considered when the defendant made its stipulation. Whether it is proper or not, the parties are entitled to the passage of the resolution, which it was agreed should be passed, without qualification.

The order is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs

O'BRIEN, P. J., and CLARKE, J., concur. PATTERSON, J., dissents.

INGRAHAM, J. (dissenting). If the court had power to grant this motion, I would concur with Mr. Justice HOUGHTON. I think it clear that Mrs. Potter is entitled to have the resolution passed as specified in the stipulation; but as she is no longer a party to the action, and the interlocutory judgment has been entered, I think that right can only be enforced by an independent action.