MILLS and BLACKMAR, JJ., concurred; JENKS, P. J., and PUTNAM, J., voted to affirm.

Judgment of conviction of the County Court of Nassau county reversed, information dismissed, defendant's bail exonerated, and defendant discharged from custody.

---

WILLIAM RANDALL & SONS, INC., Respondent, v. GARFIELD WORSTED MILLS, Appellant.

Second Department, May 18, 1917.

Sale — action for goods sold and delivered upon sample — oral stipulation between parties for examination by experts of samples and making their report final — summary enforcement of stipulation — order of court not conforming to stipulation modified.

Where, in an action to recover the purchase price of several barrels of paste sold and delivered by plaintiff upon sample, the sole question presented is whether the paste delivered is equal in quality to the sample and the parties during the trial of this issue enter into an oral agreement in open court, with the consent and approval of the presiding justice, whereby each side is to select an expert chemist for the purpose of examining the paste, and the result of such examination is to be submitted to the parties through their respective attorneys and accepted if the experts agree, and if they do not agree a third expert is to be selected, and the report of the majority taken as final, such agreement is binding upon the parties and concludes the court whose duty it is as between the parties to enforce and effectuate it.

Such agreement being undisputed and proper, may be summarily enforced by motion.

Although oral, it is just as obligatory, conclusive and enforcible as though it had been reduced to writing and executed with every legal formality.

But the agreement enforced must be, in all its material details, that which the parties entered into, the court being without power or authority to

modify, alter or change the same in any material detail against the objection of one of the parties.

Provisions of an order purporting to carry out said agreement examined, and *held,* not to conform thereto and not to be specific enough to fully guard and protect the rights of the parties because, *first,* it does not obligate them to accept as final the result of the tests of the two experts, if they agree, or make the report of a majority if a third one be selected, final and binding; *second,* it leaves the method of properly preparing the contents of the barrels for testing indefinite; *third,* it does not provide for notice of the time when the samples shall be taken or that both experts shall be present; *fourth,* it does not provide the place of deposit or custodian of the third set of samples during the time tests are being made by the two experts selected; *fifth,* it makes no provision for the appointment of the third expert should such appointment become necessary.

APPEAL by the defendant, Garfield Worsted Mills, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 17th day of February, 1917.

*Louis H. Hall* [*Henry B. Twombly* and *Edmonds Putney* with him on the brief], for the appellant.

*Charles L. Withrow* [*Henry J. Lucke* with him on the brief], for the respondent.

RICH, J.:

This appeal is from an order of the Special Term granting the plaintiff's motion to permit the taking of samples from each of thirty barrels of Hematine paste — a logwood extract — sold and delivered by plaintiff upon sample. The sole question presented is whether the Hematine paste contained in the thirty barrels delivered and in defendant's possession is equal in quality to the sample given it at the time the contract of sale was entered into, and upon which such sale was based. During the trial of this issue the parties entered into an oral agreement in open court, which the court, after pointing out that the point in dispute was " whether the goods sold, to wit: a number of barrels of hematine paste was equal to the sample," states as follows: " An agreement was made in open Court whereby each side was to select an expert chemist for the purpose of examining the product and the result of such examination was to be submitted to

Second Department, May, 1917.          [Vol. 178.

the parties through their respective attorneys, and accepted if the experts agreed. If they did not agree a third expert or umpire was to be selected and the report of the majority, as I understood it, was to be taken as final. That is, if the article in dispute did not measure up to the sample the defendant would not be called upon to accept or pay for the goods, but, on the other hand, if it did prove equal to the sample then plaintiff would be entitled to their money." Thereupon a juror was withdrawn and a mistrial declared. Subsequently, upon motion, the learned justice before whom the trial was started held that the plaintiff should be permitted to have samples taken according to the method " proposed and agreed upon," and thereupon granted the order appealed from, which, so far as material, provides: " That the defendant permit an expert chosen by the plaintiff herein and an expert to be chosen by the defendant herein, access to the thirty (30) barrels of Hematine above referred to and now in the possession of the defendant, and to take three (3) samples from each of said barrels of Hematine after properly preparing the same for testing; and it is further ordered, that the expert for the plaintiffs make tests from one of said samples so taken, and the expert for the defendant make tests from another of said samples, and that the third sample be sealed by both experts and kept by them without the seals being disturbed to be used if necessary as hereinafter provided; and it is further ordered, that in the event that the tests separately conducted by said experts fail to agree and said experts are unable to agree, that said experts choose a third expert to whom shall be delivered the third sample hereinbefore referred to and that said third expert shall make tests from said third set of samples; and it is further ordered, that the said experts be chosen by the respective parties herein within ten (10) days from the date of entry and service of a copy of this order with notice, and that within ten (10) days after said date the two aforesaid experts complete their tests; and it is further ordered, that in the event that a third expert is chosen, that he shall make his tests within five (5) days from the date of the receipt of the samples by him." It appears that in order to obtain proper samples for a fair test, it is necessary that the contents of each of the thirty

barrels be thoroughly stirred and mixed to unite the sediment in each barrel with the other contents before samples are taken therefrom.

The appellant expressly concedes that the agreement made by the parties in open court was as stated by the learned justice, and the respondent does not materially differ therefrom. The agreement entered into in open court with the consent and approval of the presiding justice, is binding upon the parties and concluded the court, whose duty it was, as between the parties, to enforce and effectuate it. (*Matter of New York, L. & W. R. R. Co.*, 98 N. Y. 447, 453, and cited cases; *Dubuc* v. *Lazell, Dalley & Co.*, 182 id. 482, 486; *Matter of Clark*, 168 id. 427; *Potter* v. *Rossiter, No. 4*, 109 App. Div. 737, 739; *Chichester* v. *Winton Motor Carriage Co.*, 110 id. 78, 80.) *Greve* v. *Ætna Live Stock Ins. Co.* (81 Hun, 28) is not in conflict with the rule declared in the cited cases. (*Sanford* v. *Commercial Travelers' Assn.*, 86 Hun, 380, 382.) Such agreement, being undisputed and proper, may be summarily enforced by motion. (*Potter* v. *Rossiter, No. 4, supra*, 737.) Although oral, such agreement is just as obligatory, conclusive and enforcible as though it had been reduced to writing and executed with every legal formality. (*Matter of Baldwin*, 27 App. Div. 506, 509, and cited cases; *Smith* v. *Barnes*, 9 Misc. Rep. 368, 370.) But the agreement enforced must be, in all its material details, that which the parties entered into, the court being without power or authority to modify, alter or change the same (in any material detail) against the objection of one of the parties. The agreement disposed of the action absolutely. There was nothing further to litigate. As the court says: " if the article in dispute [the Hematine paste in the barrels] did not measure up to the sample the defendant would not be called upon to accept or pay for the goods, but, on the other hand, if it did prove equal to the sample then plaintiff would be entitled to their money." It seems to me, however, that the order is objectionable, as not conforming to the agreement made by the parties, and is not specific enough to fully guard and protect the rights of the parties under their agreement; *first*, it does not obligate the parties to accept as final the result of the test of the two experts if they agree, or make the report of a

Second Department, May, 1917. [Vol. 178.

majority of the experts (if a third one was selected) final and binding upon the parties; *second*, it leaves the method of "properly preparing" the contents of the barrels for testing indefinite as to time, manner and place; *third*, it does not provide for any notice to be given of the time when the samples shall be taken from the barrels or that both experts (and the parties or their representatives, if they desire) shall be present upon such occasion; *fourth*, it does not provide the place of deposit or custodian of the third set of samples during the time tests are being made by the two experts selected by the parties; *fifth*, it makes no provision for the appointment of the third expert by the court upon notice, should such appointment become necessary and the two selected experts be unable to agree upon the third expert. And in reference to the contention of the appellant that the court was without power to require it to incur the expense of employing an expert to make the tests, it is not the arbitrary requirement of the court against the wishes of the appellant. On the contrary, the requirement was its suggestion and upon its agreement made in open court, which it was the duty of the court to enforce in the manner agreed upon by the parties.

The order is modified, *first*, by striking out the words "after properly preparing the same for testing," and inserting in lieu thereof the specific method and manner in which the contents of each barrel of the Hematine paste shall be prepared for testing (before samples are taken therefrom) to produce a complete, correct and uniform sample of the entire mixture contained therein; *second*, a provision that the samples shall be taken from each and every barrel, upon notice to the parties, at the same time and in the presence of the two selected experts of the parties, and representatives of the parties, if they attend at the time and place specified in such notice; *third*, a provision designating the person or corporation with whom the third sealed samples shall be deposited during the time the selected experts of the parties are making their tests, and the manner and time within which such sealed samples shall be delivered to the third expert, should one be appointed; *fourth*, a provision that should the tests made by the two selected experts not agree and they are unable within a time stated to agree upon the third expert, such

third expert shall be appointed by the court on ten days' notice of the application therefor, given by either party to the other; *fifth*, a provision that if the tests made by the two selected experts agree, the result shall be accepted by and conclusive upon the parties, and if they do not agree the report of a majority of the three experts provided for in writing shall be final and conclusive upon the parties; *sixth*, the order should provide for the payment of the fees and disbursements of the third expert, should one be appointed, by the party failing to sustain its contention as evidenced by the result of the tests made. As so modified, the order is affirmed, without costs, and may be settled on notice.

JENKS, P. J., THOMAS, MILLS and PUTNAM, JJ., concurred.

Order modified in accordance with opinion, and as modified affirmed, without costs. Order to be settled on notice.