In an action to recover damages alleged to have resulted from improper workmanship and breach of contract on the part of "a building contractor, defendant contractor counterclaimed and demanded judgment against plaintiff for money alleged to be due under his contract. On the trial, the parties stipulated that the action be settled upon terms, by which it was provided, inter alia, that defendant should complete his contract to the satisfaction of a designated architect, and that when the architect should issue his certificate of completion, plaintiff would pay to defendant the sum of $637.50. A motion by defendant, after the issuance of the certificate, to enforce the stipulation and for the entry of judgment was denied on the ground that the stipulation could not be summarily enforced, since it provided for work to be done subject to the approval of an architect, and that the plaintiff should have the right, in an independent action to enforce the stipulation, to show that the certificate was not issued in good faith. Order of the City Court of Mount Vernon, insofar as appealed from, reversed on the law and the facts, with $10 costs and disbursements, and defendant’s motion granted, with $10 costs. The City Court of Mount Vernon had power to grant the motion. (Randall & Sons, Ine., v. Garfield Worsted Mills, 178 App. Div. 196; Potter v. Rossiter, 109 App. Div. 737; Lee v. Budd, 120 Mise. 407.) No attempt was made on the motion to establish that the work was not properly done by the defendant, or that the certificate of the architect was not issued in good faith. Respondent’s affidavit, submitted on the motion, discloses that the claimed disqualification of the architect was discovered during the progress of the work, and there is no proof of any protest or complaint by plaintiff at that time or until after defendant’s work had been completed. Under the circumstances disclosed, the grounds advanced by plaintiff in his moving affidavit were insufficient to permit the court to relieve plaintiff of his stipulation or to refuse to enforce it. (Cf. Yonkers Fur Dressing Co. v. Boyal Ins. Co., 247 N. Y. 435; Bond v. Bond, 260 App. Div. 781; Matter of Meinig Go. v. Katakura & Co., Ltd., 241 App. Div. 406.) Hagarty, Acting P. J., Carswell, Adel, Nolan and Sneed, JJ.