Sidney A. Fine, J.
After this separation action came on for trial and the plaintiff had concluded her testimony, the parties entered into a separation agreement, the terms of which are entered on the record and are embodied in the stenographer’s minntes. Although the details as to the division of the personal property contained “ in the house ” do not appear in the minutes, the record does state that “ the parties have orally *183 agreed as to the division ’ This was therefore no agreement to agree, but rather a definite agreement which left nothing open for further negotiation. The statement that the agreement: “is subject to the submission of a written agreement with respect to these terms ” did not mean that either party could arbitrarily refuse to sign a writing which correctly set forth what had already been agreed upon. It meant, at most, that either party could compel the other to enter into such a writing or could take the position that he or she was not bound by the agreement if the other party refused to execute such a document. By entering into a definite agreement, spread upon the court record, each party impliedly promised to execute a writing which correctly embodied the terms of that agreement. It follows that plaintiff may not be permitted to discontinue her action as if no separation agreement had been entered into between the parties. Plaintiff has not attempted to show that defendant refused to enter into a writing correctly representing the terms previously agreed upon, or that the agreement arrived at is inequitable or voidable on other grounds. Whatever her remedies may be upon such a showing, she should not be permitted capriciously to ignore the agreement arrived at in open court and entered upon the minutes during the progress of the trial. (Potter v. Rossiter, 109 App. Div. 737, 739-740; Randall & Sons v. Garfield Worsted Mills, 178 App. Div. 196,199.)
Motion for leave to discontinue denied.