Sidney A. Fine, J.
This motion for an order directing the carrying out of the terms of a settlement stipulation, entered into in open court, in the presence of the parties, is granted.
In Potter v. Rossiter (109 App. Div. 737, 740) the Appellate Division, in this department, said: ‘ Where the existence or validity of a stipulation is dependent upon voluminous evidence, an action for its enforcement may be the proper remedy; but the court always has the power to enforce in a summary way, by motion, the observance of an undisputed and proper stipulation entered into by the parties to an action. (Mutual Life Ins. Co. v. O’Donnell, 146 N. Y. 275; Valentine v. Central National Bank, 10 Abb. N. C. 190; Kelsey v. Sargent, 2 N. Y. St. Repr. 669.) ”
In Randall & Sons v. Garfield Worsted Mills (178 App. Div. 196, 199) the court said: “ The agreement entered into in open *2 court with the consent and approval of the presiding justice, is binding upon the parties and concluded the court, whose duty it was, as between the parties, to enforce and effectuate it.” (Citing cases.)
The claim that the Statute of Frauds bars the court from directing performance of the agreement arrived at in open court, in the presence of the court, the parties, and counsel, is overruled. The purpose of the Statute of Frauds is to prevent frauds, not to perpetrate them. No case has been called to the court’s attention, or found, where the statute was held applicable to an agreement made, as here, in open court and read into the record, in the presence of the court, the parties and counsel. Rule 4 of the Rules of Civil Practice, which has the force and effect of law, provides that “An agreement between parties or their attorneys relating to any matter in an action or a proceeding shall not be binding unless in writing subscribed by the party, or by his attorney or counsel, or reduced by consent to the form of an order and entered ’ ’ but it goes on to declare that this provision “ shall not apply to oral stipulations between counsel made in open court.” (Italics supplied.) The italicized language indicates clearly the intent of the rule that oral stipulations made in open court should require no writings or memoranda, subscribed by a party or his attorney to be valid. In Browne on the Statute of Frauds (5th ed., 1895), the statement is made (§ 138) that the summary jurisdiction of courts over their own officers has been held to afford a remedy upon a verbal contract where the Statute of Frauds would prohibit an action upon it. It is there pointed out, as an example, that an attorney’s undertaking to pay his client’s debt has been enforced on motion in the court of which he is an attorney. The decisions referred to in Browne on the Statute of Frauds (supra) were arrived at even in the absence of a statute such as rule 4 (supra). In view of the provisions of rule 4, the inapplicability of the Statute of Frauds to the case at bar is even clearer.
Settle order.