Samuel J. Joseph, J.
The plaintiff in a motion moves for an order directing the entry of judgment in favor of the plaintiff and against the defendant New York Telephone Company in the sum of $25,000. The defendant New York Telephone Company in a motion moves for an order to he relieved of a stipulation made in open court on March 10, 1958. The action was *23 one to recover damages for injuries sustained by the. plaintiff, wherein severe injuries were sustained, and the special damage was considerable. The accident involved a construction job of which the defendant New York Telephone Company was the owner, the defendant W. J. Barney Corp., the general contractor and the remaining defendant subcontractors.
During a trial of the proceedings, and after lengthy discussions with all of the parties represented by able counsel, the entire case was settled, and the settlement reduced to a stipulation on the record. The contributions of the defendants pursuant to the stipulation aggregated $74,000 of which the defendant New York Telephone Company, the owner, agreed to pay $25,000. Upon the strength of the settlement, the plaintiff did discontinue his action against two defendants, Simon Holland and A. J. McNulty and Company who did not contribute any sums toward the settlement. The settlement further provided that the defendant W. J. Barney Corp. was to withhold from its payment of $25,000 the amount of a compensation lien. After the settlement arrangements, all of the defendants paid their respective sums excluding the New York Telephone Company. On March 26, 1958 there was forwarded to the attorney for the defendant, the New York Telephone Company, a release for the said sum, and on April 22, 1958, 27 days after receipt of the release, a letter from the Travelers Insurance Company together with the release were forwarded to plaintiff’s attorney. The basis for the return as stated in the communication was “there was no coverage afforded the New York Telephone Company under the circumstances of this case, and we cannot pay on its behalf any part of the settlement ’ ’.
From the affidavit of the defendant New York Telephone Company made by its attorney the basis for the motion to be relieved of the mistake is that the settlement was made under a mistake of fact, to wit: counsel for the defendant mistakenly thought that the policy of insurance issued to the New York Telephone Company by the Travelers Insurance Company covered that defendant generally, for any liability arising out of the construction operations. The policy did in fact cover the New York Telephone Company only for liability that might be imposed upon it by reason of the operations contracted by Simon Holland & Sons, Inc. Averments were then made as to the coverage by the insurance company with the general contractor and defendant’s interpretations of liability under the policy existing between the New York Telephone Company, Simon Holland & Sons Inc. and the Travelers Insurance Company. No claim of a mutual mistake of fact is contended.
*24 _ As to the plaintiff’s motion, rule 4 of the Rules of Civil Practice clearly binds the parties and their attorneys to the agreement made. In Achtel v. Lieberman (141 N. Y. S. 2d 750) a stipulation similarly made as in the case at bar, was held summarily enforced by motion. As therein stated (p. 753): “ ‘it would make a mockery in the administration of justice in this court and breed contempt for its power if a party were permitted to evade responsibilities assumed before the bench in litigation and trial. ’ ”
The plaintiff’s position as it existed prior to the settlement cannot be restored. There has been a discontinuance as against two defendants and a substantial sum has been paid from the money received to satisfy liens pursuant to the settlement. The court nevertheless does not base its determination upon these facts. The authorities recognize an adherence to policies of enforcements to stipulations made in court under similar circumstances.
As to the motion of the defendant, if there was any misunderstanding or mistake made by and between the defendant the New York Telephone Company and or the Travelers Insurance Company, it is the well-settled principle of law enunciated in Carmody on New York Practice (7th ed. [Forkosch], § 67, pp. 75-76) that “ Once an action or proceeding has been terminated the court’s summary jurisdiction, on motion to correct or set aside stipulations made during the course of the litigation ceases, and a plenary suit is required to be instituted. [Yonkers Fur Dressing Co. v. Royal Ins. Co., 247 N. Y. 435.] Suppose, however, that the stipulation is one of settlement, i.e., the stipulation itself terminated the proceedings. In ¡such a case the courts hold that the action is no longer pending, the stipulation cannot be set aside on motion unless, perhaps, the authority of the signer is disputed, and that a plenary suit is necessary. [Yonkers Fur Dressing case, supra, Bond v. Bond, 260 App. Div. 781.]
“ The theory is that a contract was entered into [Hegeman v. Conrad, 284 App. Div. 969,1 A D 2d 788]; and that such a stipulation-contract may be set aside in a plenary suit only for reasons that could invalidate a contract, e.g., fraud or overreaching, collusion, mistake, accident. A proper stipulation of settlement may be summarily enforced by motion [Randall & Sons v. Garfield Worsted Mills, 178 App. Div. 196; Potter v. Rossiter, 109 App. Div. 737; Karpinski v. Karpinski, 130 N. Y. S. 2d 364, 366.] ”.
*25 The motion of the plaintiff to enter judgment is granted. The County Clerk of the County of The Bronx is directed to enter judgment in favor of the plaintiff and against the defendant New York Telephone Company in the sum of $25,000, together with interest from the date of the stipulation, together with $10 costs and disbursements that were incurred for the purpose of this motion. ,