Henry A. Hudson, J.
The plaintiffs have moved for an order directing the defendants to comply with the terms of a settlement agreement entered into in open court during the trial of the above-entitled action before the court and a jury.
The action was instituted by the plaintiffs on July 28,1956 and has been on the Supreme Court Calendar for Jefferson County since October 30, 1956. The case was regularly reached for trial but for many reasons, including the fact that four different attorneys have appeared for the defendants while the case has been on the calendar, the parties have never been ready at any term of court to proceed to trial until the February 1962 Term. A jury was drawn February 12, 1962 and trial commenced February 13 and continued until 3:00 p.m. February 14 at which time the parties entered into a stipulation of settlement and discontinuance of the action. Such settlement was participated in by the attorneys for the parties, by all of the parties in person, in the presence of the court in chambers and the terms of settlement were placed upon the record by the Supreme Court stenographer.
During the course of the trial a number of conferences were had between the court and counsel for the respective parties, in an effort to arrive at a settlement which would be acceptable to all of the parties. The settlement which was finally reached and placed upon the record was the culmination of such efforts. *154 After the stipulation of settlement was placed upon the record, the jury was discharged.
Tire action was instituted by the plaintiffs to establish the validity of a deed dated on or about the 9th of August, 1946, given to the plaintiffs by Franklin P. Cotton and wife but which deed was not recorded in the Jefferson County Clerk’s office until July 21, 1955, and the priority of such deed over a deed given by Franklin P. Cotton, widower, to the defendants, dated on or about December 10, 1954 and recorded in the Jefferson County Clerk’s office December 16, 1954.
The premises in question, to which both the plaintiffs and the defendants held a deed, consisted of approximately two acres of land in the Village of Smithville, Jefferson County, New York. The land lay in part between the residences of the plaintiffs and the residence formerly occupied by Franklin P. Cotton and consisted of about one half of the property owned and occupied by Franklin P. Cotton on August 9,1946. The defendants purchased the Cotton property on or about December 10, 1954 and it was the contention of the plaintiffs that the defendants knew or should have known that the disputed property was owned by the plaintiffs and was occupied and used by them from the time of its purchase by them on or about the 9th day of August, 1946 until the Cotton property was acquired by the defendants, December 10,1954 and the plaintiffs further contend that the premises in question were included in the deed from Franklin P. Cotton to the defendants inadvertently. Franklin P. Cotton is deceased. The Cotton premises were not occupied at the time of the trial by the defendants but were rented to a tenant.
The negotiations for settlement during the trial culminated in counter proposals between the parties for the purchase by the plaintiffs of the entire property which had been acquired by the defendants from Franklin P. Cotton, which would include any interest which the defendants had in the disputed parcel and a mutual, acceptable figure was finally arrived at on February 14, 1962, namely, that the plaintiffs would pay the defendants $1¡500 for a deed of the entire property including the disputed parcel. The following is the stipulation which was placed upon the record:
“ Mr. Dunk: — Have the record show, please, that during this recess there are present in the chambers Presiding Justice Hudson, Mr. Gordon Phillips, representing the defendants, together with the defendants, Mr. and Mrs. David Murphy in person, and Mr, Dunk with Mr. and Mrs. N. A. Collins, plaintiffs, and that during the recess we have discussed settlement of this matter. *155 As I understand it, and subject to the expressed approval on the record of both plaintiffs and both defendants, the matter is settled on the following basis:
‘ ‘ One. That the plaintiffs, Mr. and Mrs. Collins, will purchase from Mr. and Mrs. Murphy the remaining Cotton property, so-called, which adjoins the property in dispute both on the south and on the west of the disputed property, consisting of approximately two acres, upon which there is located a residence, a barn, a small garage and a small outhouse; that the price for the property to be paid by Mr. and Mrs. Collins is one thousand, five hundred dollars in cash upon delivery to Mr. and Mrs. Collins and their attorney, myself, a warranty deed covering not only the property which is in dispute, consisting of approximately two acres, but the remaining Cotton land with the described buildings located thereon, consisting of approximately two acres, together with an abstract of title continued to the date of the delivery of the deed showing good and marketable title in the grantors, Mr. and Mrs. Murphy, free and clear of all liens and encumbrances. Is that satisfactory up to date ?
“ Mr. Phillips: — That’s agreeable with me so far.
“ Mr. Dunk: — Is that your understanding, Mr. Collins?
‘ ‘ Mr. Collins: — Yes.
“ Mr. Dunk: — Mrs. Collins?
‘‘ Mrs. Collins: — Yes. I don’t want it less.
“ Mr. Dunk: — If I said more or less I mean —
“ The Court: — What is in the deed. You don’t know exactly how much.
“ Mr. Dunk: — We assume it is approximately two acres.
‘ ‘ Mr. Collins: — That is all the property Mr. and Mrs. Murphy own on the west side of the highway.
“ Mr. Dunk: — That is satisfactory to Mr. Murphy?
“ Mr. Murphy: — Yes.
“ Mr. Dunk: — And Mrs. Murphy?
‘ ‘ Mrs. Murphy: — Yes.
‘ ‘ Mr. Dunk: — It is understood that that property as we have it otherwise described so far is all of the land and property owned by Mr. and Mrs. Murphy and acquired from Franklin P. Cotton and located on the westerly side of the Smithville-Belleville highway, is that right?
“ Mr. Phillips: — So understood.
“ Mr. Dunk: — Upon the following conditions: —
“ One. It is represented by Mr. and Mrs. Murphy that there are now residing in the house located upon the aforementioned property a couple by the name of Earl and Addie Kohl, and that Mr. and Mrs. Kohl are residing in the premises upon a month- *156 to-month rental basis at the rate of thirty-five dollars a month payable in advance. It is represented by both Mr. and Mrs. Murphy that there is no written lease between the Murphys and Mr. and Mrs. Kohl, is that correct ?
“ Mr. Murphy: — That’s right.
“ Mrs. Murphy: — Yes.
“ Mr. Dunk: — It is further stated by Mr. Phillips that he has been advised by his clients that Mrs. Kohl is now pregnant and it has been requested that as a condition to this settlement Mr. and Mrs. Collins agree that they will take no steps to evict Mr. and Mrs. Kohl except for non-payment of rent until thirty days after the child is born. However, Mr. and Mrs. Collins are to be furnished with a doctor’s certificate or statement to the effect that Mrs. Kohl is now pregnant.
“ Mr. Phillips: — We will furnish you with a doctor’s certificate.
“ Mr. Dunk: — Furthermore, that the property at the time of delivery of possession to Mr. and Mrs. Collins is to be in the same condition as it is now except for reasonable wear and tear, and that further, Mr. and Mrs. Collins have the right at this time so far as Mr. and Mrs. Murphy are concerned, to enter in and upon the premises for the purpose of inspecting same to determine the present condition, is that agreeable? Any inspection to be made by Mr. and Mrs. Collins is to be made upon reasonable notice to the tenants and at a reasonable hour.
“Further, Mr. Murphy asserts that he has some personal property which is upon the premises, and it is agreed that Mr. Murphy shall have until April 1, 1962, within which to remove the property from the premises. Mr. and Mrs. Collins are to have the rent which is to be paid by the Kohls from the date of delivery of the cash in payment for the premises, whether prorated or otherwise.
“It is understood that there is a partially-completed cinder block or cement wall on the Cotton property or Murphy property which is not in dispute, and it is understood that that partially completed wall will remain in the same condition it now is, and the land will be delivered to Mr. and Mrs. Collins’ possession at the time of delivery of the deed with the wall in its present condition.
“ All plumbing facilities, the hot water system, water pump and fixtures are to remain as is and to be delivered into the possession of Mr. and Mrs. Collins. This action is now stipulated discontinued on the foregoing basis of agreement on the merits without costs. That includes the counterclaim.
“ Mr. Phillips: — The defendants so stipulate.
*157 “The Court; — Any necessary discontinuance of the lis pendens which is necessary to perfect title —
“ Mr. Dunk: — It would be to Mr. Collins’ benefit to do that. If the agreement is not carried out, the case may be restored to the calendar.
‘ ‘ The Court: — Everybody is in agreement with the settlement that is on the record, is that correct?
“ Mr. Collins: — Correct.
“ Mrs. Collins': — Correct.
“ Mr. Murphy: — Correct.
" Mrs. Murphy: — Correct.
‘ ‘ Mr. Phillips: — That is correct. ’ ’
It will be seen from the stipulation that the intent of the parties is clearly expressed and from the fact that it included very detailed conditions respecting the delivery of possession of the premises, it is clear that the question was most thoroughly considered by all of the parties and fully understood by them. The formal acknowledgment of the correctness of the understanding on the part of all of the parties and their attorneys, is clearly indicated. I considered that the stipulation constituted a settlement and discontinuance of the action and was so considered by the parties and upon the completion thereof on the record, I accordingly discharged the jury.
The defendants, through their attorney, have informed the plaintiffs that they would not go through with the settlement agreed upon in open court.
The defendants are bound by the stipulation and it is valid and enforcible. In fact it is the duty of the court to enforce the stipulation in this case. It would make for mockery in the administration of justice in this court and breed contempt for its power if parties were permitted to evade the responsibility assumed by them before the court after days in litigation and trial. (Karpinski v. Karpinski, 130 N. Y. S. 2d 364; Lee v. Rudd, 120 Misc. 407; Potter v. Rossiter, 109 App. Div. 737; Randall & Sons v. Garfield Woolen Mills, 178 App. Div. 196.)
The stipulation provided for the execution and delivery of a deed and the delivery of an abstract of title continued to the date of the delivery of the deed showing a good and marketable title in the grantors, free and clear of all incumbrances. This is the first step in carrying the settlement to a conclusion and the plaintiffs are entitled to an order directing the defendants to deliver such deed and abstract. If the deed conveys a good and marketable title to the premises as called for in the stipulation of settlement, the defendants are entitled to payment of the sum of $1,500 forthwith and are entitled to an order direct *158 ing the payment thereof. If the defendants are unable to furnish a good and marketable title to the premises, the plaintiffs would then be entitled to an order directing that the case be restored to the calendar.