Hugh S. Coyle, J.
In this action for specific performance of a contract to sell real property, defendant has moved this court for an order dismissing the complaint pursuant to rule 106 of the Rules of Civil Practice, upon the ground that the complaint does not state facts sufficient to constitute a cause of action, and for an order pursuant to rule 107 of the Rules of Civil Practice upon the following subdivisions of said rule: pursuant to subdivision 2 on the ground that the plaintiff has no legal capacity to sue; pursuant to subdivision 5, upon the ground that the alleged cause of action did not accrue within the time limited by law for the commencement of same; and pursuant to subdivision 7, upon the ground that the alleged contract is unenforcible under the Statute of Frauds.
An examination of the complaint does not indicate that upon its face defendant is entitled to the relief requested under rule 106. (Issues of fact are raised which can only be passed upon at the trial.) The action, in question, was commenced by Milton Rudolph, as executor of the deceased wife of defendant. The complaint alleges that plaintiff’s testatrix and defendant were the owners of certain' real property located in the Town of Cortlandt, Westchester County, New York. On or about Novem *1017 ber 21, 1955, defendant and his wife entered into an agreement which provided that the title to the property owned by them “ shall remain in both names until such time as the present tenant vacates the said real estate. Upon the tenant vacating the premises, the parties hereto do hereby stipulate and agree that the said real estate shall be offered for sale and shall be sold at the highest price, and the net proceeds shall be divided equally between plaintiff and the defendant.”
The aforesaid agreement relied upon by the plaintiff in this action was made as a stipulation and agreement by and between the plaintiff’s testator and the defendant in open court during the course of the trial of a separation action before the Hon. Charles J. Beckihella, sitting in Special Term, Part 5 of the Supreme Court, Kings County.
It is well settled in this State that pursuant to rule 4 of the Rules of Civil Practice, and the cases cited thereunder, that stipulations and agreements made in open court are valid and will be enforced, having the effect of a written agreement between the parties. In Anders v. Anders (9 Misc 2d 1) it was held that the enforcement qf a settlement agreement made in open court and read into the record in presence of the court is not barred by the Statute of Frauds.
With respect to the objection raised by defendant under subdivision 5 of rule 107, namely, the ‘ ‘ Statute of Limitations ’ ’, reference is made to the six-year period of limitations of the action. This is an action for specific performance, wholly an action in equity. Pursuant to section 53 of the Civil Practice Act, the period of limitations for such actions is 10 years. Apparently, defendant refers to section 48 of the Civil Practice Act for his authority upon the ground that the six-year statute is applicable. Even assuming that such were the case, which the court does not, the death of plaintiff’s testatrix within six years of the date of the agreement sued upon, would have tolled the statute for a period of one year following the death of plaintiff’s testatrix (Civ. Prac. Act, § 20).
Section 116 of the Decedent Estate Law provides that ‘ ‘ Actions of account, and all other actions upon contract, may be maintained by or against executors, in all cases in which the same might have been maintained, by or against their respective testators ”. Under the circumstances, the court is of the opinion that the executor is not without legal capacity to commence this action, and defendant’s theory that same may only be brought by the heirs at law and not the plaintiff is without merit.
Accordingly, the defendant’s application is, in all respects, denied.