Bentley Kassal, J.
On October 5, 1970, plaintiff’s attorney settled a personal injury claim for $800 with the attorneys for a self-insured taxicab company in open court before me while I was presiding at a conference part. The stipulation of discontinuance and general release were mailed on October 21,1970 to be held in escrow pending receipt of the settlement check. No settlement check was ever sent.
On February 24, 1971, four months later, the plaintiff made a motion for an order to enter judgment for $800, the settlement amount, with interest from the date of settlement plus costs and disbursements and costs on the motion. This motion was submitted without opposition.
The issue is simple and the relief, which I intend to provide, direct. I am granting the motion and imposing discretionary costs in the amount of $75 as partial compensation to plaintiff’s attorney for the unnecessary trouble which he has been caused.
This widespread practice of not effectuating settlements indulged in primarily by a number of self-insured taxicab companies, either aided, abetted, countenanced or condoned by their *216 attorneys, must be discontinued. On this issue, I expressed my views at some length in Kotlowitz v. Vogue Serv. Co. (65 Misc 2d 940) where I permitted plaintiff to accept the settlement or go to trial and I also imposed discretionary costs against the defendant because of its failure to pay the settlement check after four months of delay.
I am now proceeding to extend the remedies available to plaintiffs in such situations. I direct that the plaintiff herein may do either of the following:
(a) Enter judgment for $800 with statutory costs and disbursements together with interest on the $800 from the date of settlement, October 5,1970 and the aforesaid discretionary costs of $75.
(b) Have the case restored to the trial calendar with a trial date during the month of April, 1971 and the defendant shall pay the $75 discretionary costs.
As to the authority of the court to permit plaintiff to enter judgment, the law is clear in this respect that there is power to enforce a clear and unequivocal agreement of settlement.
“ ‘ The court always has the power to enforce in a summary way, by motion, the observance of an undisputed and proper stipulation entered into by the parties to an action or proceeding, except where the action or proceeding has definitely terminated. ’ ” (Axin v. Delibab Corp., 24 A D 2d 974 [1st Dept.] ; Eastern Display & Carton Corp. v. Presto Bev. Corp., 153 N. Y. S. 2d 806 [App. Term, 1st Dept.] ; see, also, 2 CarmodyWait 2d, New York Practice, Stipulations, § 7:16, p. 21 ; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2104.06.)
In the Axim, case, the court permitted the entry of judgment, with interest and I am not only permitting interest from the date of settlement, I am also permitting statutory costs, disbursements and discretionary costs. The time of the court, litigants and attorneys cannot be toyed with or treated with whimsy. We are not playing games and I again, respectfully, refer members of the Bar to my specific comments in Kotlowitz v. Vogue (supra) about the ethical considerations involved in these insincere settlements.