Charles H. Cohen, J.
Following a settlement of this action at a Trial Term of this court, a letter accepting the settlement in the amount of $1,250 was sent by plaintiff’s attorney to defendant’s attorney on September 5, 1973. Defendant having failed to make payment in accordance with this settlement, plaintiff, on May 9, 1974, brought this motion for ‘ ‘ an order entering Judgment on settlement.” This motion was submitted on June 3, 1974.
Defendant does not deny the making of the settlement and its failure to make payment, but, in an affirmation submitted on behalf of defendant, it is stated that “ The administrative *326 processes of the City of New York take a considerable period of time because it is overburdened with a very large volume of cases ” and that “ on April 11, 1974 the order for payment and settlement of the claim was sent to the Comptroller’s office for processing. ’ ’
This excuse is/ totally unacceptable. It is shocking to learn that nine months after a claimant has settled his case, he has not been paid. Indeed, it appears that defendant waited over seven months before it even processed the matter.
The desirability of a prompt disposition of litigated matters, succinctly stated in the aphorism “ justice delayed is justice denied ’ ’, is beyond dispute. The courts of this State have made great progress in disposing of cases promptly (Nineteenth Annual Report of N. Y. Judicial Conference, 1974), and this court has succeeded in bringing its calendar to a current status (see 1973 Report of Civ. Ct. of City of N. Y., Part I). Most dispositions take the form of a settlement and in this court well over 75% of the dispositions are by way of settlement (see Nineteenth Annual Report of N. Y. Judicial Conference, 1974, p. 108).
Yet, the failure to make prompt payment of settlements reached seriously impairs the progress being made in the prompt disposition of litigated matters since the settlement is of little benefit to the claimant until he is paid. If a claimant is paid nine months after the settlement, he has been subject to a delay of nine months just as effectively as if the case had not been disposed of for that period of time.
Of course, some delay may necessarily be incurred until the settlement can be effectuated. It has been indicated, with respect to self-insured taxicabs, that due diligence in effectuating a settlement ‘ ‘ means less than 30 days from receipt of settlement papers ” (Kotlowitz v. Vogue Serv. Co., 65 Misc 2d 940, 943) or “ sixty days ” (1973 Report of Civ. Ct. of City of N. Y., p. 15). If there are unusual circumstances calling for a particular period of delay this can be discussed at the time of settlement and a mutually agreeable payment date fixed. (Kotlowitz v. Vogue Serv. Co., supra.) It is clear that the delay of nine months in this case is absolutely unreasonable.
The City of New York is not immune from a requirement that defendants act expeditiously in effectuating settlements. The City of New York is entitled to no more — and to no less — consideration than any other litigant. There is no valid reason why the City of New York as a litigant should receive treatment different from that given to other litigants. If the “ administra *327 tive processes ” of the city are “ overburdened ”, the overriding requirements of justice mandate that this condition be remedied.
The court directs that judgment be entered in favor of plaintiff against defendant for the sum of $1,250 (Axin v. Delibab Corp., 24 A D 2d 974; Eastern Display & Carton Corp. v. Presto Beverage Corp., 153 N. Y. S. 2d 806; McManus v. New York Tel. Co., 14 Misc 2d 22; Tirado v. Gong Taxi Corp., 66 Misc 2d 215) with interest thereon from September 5, 1973 (Axin v. Delibab Corp., supra; McManus v. New York Tel. Co., supra; Tirado v. Gong Taxi Corp., supra) plus $10 motion costs (McManus v. New York Tel. Co., supra) as partial compensation to plaintiff’s attorney for unnecessary trouble which he has been caused. The court notes that with respect to future matters it may be appropriate to assess additional costs (Tirado v. Gong Taxi Corp., supra).