Bentley Kassal, J.
There are two features which these three cases share in common: they all result from unpaid settlements and the defaulting defendants are self-insured taxicab companies.
For years, a small minority of these companies have conducted their own carefully contrived campaigns of delaying payment of negligence settlements. The financial advantage is self-apparent. In February, 1971 this court first became aware of these tactics and in rapid order rendered two decisions, Kotlowitz v Vogue Serv. Co. (65 Misc 2d 940) and Tirado v Gong Cab Corp. (66 Misc 2d 215) which described the techniques employed and pointed out the numerous Canons of Ethics being violated by the defendants’ attorneys who were involved in these practices. Provision was made in those decisions for the entry of judgment with interest, cost and disbursements. Subsequently, Mr. Justice Edward Thompson, the Administrative Judge of this court arranged for the printing of settlement forms which provided for the automatic entry of judgment in such cases (Civil Court Form 2033A).
It is obvious that the practice still continues and the three captioned cases cover a property damage settlement of $168 (settled on September 10, 1973) and two personal injury cases (for $1,250, settled December 22, 1973, and for $650, settled June 21, 1974).
*571 I am taking advantage of this situation to remind the Bar that those responsible will be required to underwrite the cost of the additional time unnecessarily wasted by this strategy.
Accordingly, I am directing that the plaintiffs may (1) enter judgment for the settlement amount, (2) include interest from the date of settlement (3) together with statutory costs thereon and disbursements (4) and a further award of discretionary costs of $75 by way of compensation to plaintiffs’ attorneys for the unnecessary expenditure of time resulting from the inconsiderate failure to honor and perform the settlement agreements.
However, in the interests of justice, I am providing that any attorney who desires to contest the amount of discretionary costs may do so by the simple expedient of a letter of protest to the court and an immediate hearing will be held to determine if the said award is excessive or inadequate.
Lest there be any question as to the court’s authority to take this action, it is being done, in the interests of justice, pursuant to the inherent power of the court to supervise its administration and the conduct of attorneys appearing in litigation and to prevent abuses.
As the learned former member of this court, Judge Irving Younger, observed: "Courts generally exercise solely the powers specifically assigned to them. Nevertheless, it is settled that inherent in the very power to act as a court is the further power to regulate litigation for the purpose of preventing abuses, correcting wrongs, and promoting the fair administration of justice” (Gramford Realty Corp. v Valentin, 71 Misc 2d 784, 785; italics added).
As a further caveat to those involved in these practices, it is respectfully suggested that careful reference be made to the history of unconscionability which resulted in the 1974 enactment of section 217-a of the Judiciary Law known as Thompson’s Law. This legislation stemmed from the necessity to "insure the orderly administration and operation of justice in the courts.” If the pattern manifested in the instant cases continues, appropriate legislative action would be indicated to remove some of the special prerogatives which self-insured taxicab companies now enjoy.
The settled orders have been signed with the above provisions included.
*572 Hopefully, the message may penetrate — a settlement is the end of litigation, not an intermediate step.