OPINION OF THE COURT
Bruce McM. Wright, J.
In this nonpayment proceeding, the tenant moves to dismiss, alleging that a landlord may not gain possession of a dwelling unit when, by its own conduct, bordering upon a prima facie tort, it makes it impossible for the tenant to pay the very rent it seeks in its petition.
The landlord’s agent, in several documents annexed to the moving papers, is revealed as being somewhat diabolical. The tenant withheld her rent by reason of a lack of repairs. The agent recognized the absence of repairs and the propriety of withholding the rent. Despite those concessions, the agent nevertheless notified the Department of Social Services, upon which the tenant is dependent for payments of rent, that the tenant was not paying her rent. The suggestion in that notification was that the tenant had wasted or diverted rent money to irrelevant frivols, when the agent well knew that there was nothing sinister, wicked or wrong in the tenant’s rent-strike conduct. Reacting to the suggestive advice of the agent, the Department of Social Services discontinued the tenant’s rent money.
It is clear that the landlord here engineered the inability of the tenant to make rent payments and has now sought to *533 advantage itself of its initial impropriety by evicting the tenant. The obvious consequence of eviction, other than placing a tenant in the streets is that the landlord will be able to cite a vacancy and thus win a higher rental from a subsequent tenant.
Heretofore, the rule in New York has been to deny to a wrongdoer any profit from his wrong. Significantly, there is no affidavit before the court denying the wrongdoing of the agent. For the court to recognize a nonpayment petition under the circumstances described here, and apparently not denied by the landlord, would make the court a coconspirator in plotting improper evictions. If the law truly abhors forfeiture (Fifty States Mgt. Corp. v Pioneer Auto Parks, 46 NY2d 573; J.N.A. Realty Corp. v Cross Bay Chelsea, 42 NY2d 392, 398; Martin Delicatessen v Schumacher, 70 AD2d 1, 9, revd on other grounds 52 NY2d 105; Optivision, Inc. v Syracuse Shopping Center Assoc., 472 F Supp 665), then it should not be accomplished by fraud, deception or deliberate mischief.
The conduct of the landlord, otherwise unexplained, leaves the court free to presume the impropriety charged in the moving papers. The trick and device employed by the landlord’s agent seems a deliberate threat to a tenant who, in good faith, was doing precisely what she was entitled to do, in the absence of repairs. The landlord cannot be tolerated to employ the trappings of justice to win an unjust award; nor may it make this court a party to such a tainted cause. (See Weidman v Tomaselli, 81 Misc 2d 328, affd 84 Misc 2d 782; Robinson v Hall Cab Corp., 81 Misc 2d 569.) Dismissal of the petition here, with prejudice, is necessary to prevent an abuse of process. (Gramford Realty Corp. v Valentin, 71 Misc 2d 784.)
While the conduct of the landlord here is not quite the killing of a relative to hasten an inheritance under a will, it comes perilously close to an assault upon the forms of justice to win an injustice.
For all of the reasons stated, the petition is dismissed with prejudice.